## THE STATE V. JOAQUIN.

1. **Criminal Law:** FALSE PRETENSES.  An indictment which alleges that the defendant procured the signature of another to a note by " false representations " sufficiently charges the crime of cheating by false pretenses.

2. ———: MITIGATION OF PENALTY: PRACTICE IN THE SUPREME COURT. The Supreme Court will not consider the question of a modification of the sentence where the evidence in the case is not before it.

*Appeal from Muscatine District Court.*

FRIDAY, APRIL 21.

DEFENDANT was indicted and convicted of the crime of cheating by false pretenses.   He appeals to this court.

*Cloud & Broomhall*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK. J.—The indictment is in three counts.  The third is in the following language:

" And the grand jury aforesaid do further find and present that W. E. Joaquin on the 7th day of December, A. D. 1874, at the county aforesaid, did unlawfully, feloniously, designedly and with intent to defraud one Simon Schneider, represent and pretend to him, the said Schneider, that a certain instrument which he, the said Joaquin, then and there had prepared ready to be executed by him, the said Schneider, was an order for a certain number of patent churns; it being then and there understood by and between the said Joaquin and the said Schneider that he, the said Schneider, should execute and deliver to him, the said Joaquin, such an order for patent churns.   And, by means of such false representations and pretense the said Joaquin did then and there obtain the name and signature of him, the said Schneider, to a certain written instrument, to-wit: a promissory note of him, the said Schnei-

der, purporting to bear date, the day and year aforesaid, and to be given for the sum of one hundred and eighty dollars, payable sixty days after date to said W. E. Joaquin or order, for value received.

Whereas, in truth and in fact, the said instrument so prepared and made ready for the signature of him, the said Schneider, was not an order for a certain number of patent churns, which the said Joaquin then and there well knew, and that the said Joaquin then and there well knew that the said pretense and representations were false, and said representations and pretense were designedly then and there so made by him, the said Joaquin, with intent to defraud him, the said Schneider."

The other counts are in the same language substantially, except in each the instrument, which the defendant used as a means of deceiving the party defrauded, is differently described.

I.   The only question raised upon this appeal involves the sufficiency of the indictment.   It is insisted by defendant's counsel that the indictment does not sufficiently set out the pretenses used to defraud.   It is argued that the pretenses averred are nothing more than false representations.   If this be so, it does not follow that the indictment is bad.   A pretense is " the holding out or offering to others something false and feigned."   This may be done either by words or actions, which amount to false representations.   In fact false representations are inseparable from the idea of a pretense.   Without a representation which is false there can be no pretense.

1. CRIMINAL LAW: false pretenses.

II.   But if the view be not correct, the indictment nevertheless must be held good.   It avers that the act of defendant in offering the instruments for the signature of the party injured was a false pretense.   This averment is not bad because it is coupled with another, that the act was a false representation.   This view perfectly meets the objection of counsel, as it tends to the conclusion that the indictment contains the very allegation they insist is necessary.

III.   We are asked to modify the sentence.   This we can-

not do nor pass upon the question of the justice of the pun-
2. ——: miti- ishment inflicted by the judgment of the District
gation of pen-
alty.        Court, as the evidence in the case has not been
brought before us.

AFFIRMED.