STATE OF IOWA, Appellee, v. MAX SELIGMAN, Appellant.

**False pretenses:** EVIDENCE. A soliciting insurance agent who by
1  intentional false representations concerning an application ob-
   tains a portion of the commission, may be convicted of obtain-
   ing money by false pretenses under Code, section 5041. Evi-
   dence reviewed and held sufficient to warrant conviction.

**Similar transactions.** On a prosecution for obtaining money on
2  false pretenses, other similar transactions may be shown on the
   question of intent.

**Order of proof:** PREJUDICE. Change in the order of proof is largely
3  discretionary with the trial court, and prejudice will not always
   be presumed; and where it appears that evidence competent
   only in chief is admitted on rebuttal and the same corroborates
   rather than contradicts the defendant, there is no prejudicial
   error.

*Appeal from Polk District Court.*— HON. W. H. McHENRY,
Judge.

TUESDAY, MAY 2, 1905.

THE defendant was convicted of obtaining money under
false pretense, and he appeals.— *Affirmed.*

*Mackenzie & Franklin,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence
De Graff,* Assistant Attorney-General, for the State.

BISHOP, J.— A demurrer to the indictment was properly
overruled. In particular, the contention raised thereby was
that, according to the indictment, the false pretense alleged
was made to one Elmer Dwiggins, manager of the Equitable
Life Assurance Society, and presumably, therefore, to said
society, whereas the further averment of the indictment was
that the money in fact procured was the property of said

Elmer Dwiggins, and that the same was procured from him in his personal capacity. An inspection of the indictment makes it certain that the charge therein made had reference solely to pretenses claimed to have been made to Dwiggins personally; that the use of the title as given to him (said Dwiggins) in the indictment was solely for the purpose of identification, and to make clear the facts of the transaction upon which the charge was made to rest. Many objections made to evidence and to instructions given to the jury by the court are predicated upon a like thought, and may be regarded as disposed of by what is said above.

II.   It is contended on behalf of appellant that the evidence was insufficient to establish the crime charged. The question thus made involves a consideration of the facts, and the jury was warranted in finding such to be as follows: Defendant was a soliciting agent engaged in selling life insurance for the Equitable Life Assurance Society of the United States, of which society Elmer Dwiggins was manager for Iowa. On a date alleged he produced at the office of Dwiggins an application, proper in form and as to signature, for a policy of life insurance in the sum of $10,000 on the life of one Goldman, a merchant in Des Moines, and represented the same to Dwiggins to be in all respects a *bona fide* application, and that, if accepted, Goldman had promised to and would pay the required annual premium, amounting to about $450. Of such amount, when paid, defendant would be regularly entitled to something over $200 as his agent's commission. To convince Dwiggins that the application was genuine and in good faith, defendant induced him to go to the place of business of Goldman; and while there the latter affirmed making the application, and his intention of taking the policy if one should be issued thereon. As to the payment of the first premium, Goldman assured Dwiggins that he would attend to the matter in a few days. After leaving Goldman, and upon learning from Dwiggins that he was satisfied in respect

1. FALSE PRE-
TENSES: evi-
dence.

of the *bona fides* of the transaction, defendant requested of Dwiggins an advance of $100 on faith of the commission sum to become due and payable to him on account of the policy to be issued on said application; such advance sum to be retained by Dwiggins out of the commission sum when paid in to him by Goldman. Believing the situation to be as represented, and in faith thereof, Dwiggins complied with the request, and $100 was paid by him to defendant. Dwiggins sent the application to the home office of the society, and a policy was issued and delivered to Goldman. Now, as a witness, defendant testified that the policy application by Goldman was part of an advertising scheme devised by him (defendant), and that his arrangement with Goldman, made at the time the application was signed, was to the effect that the latter was to have the policy issued and delivered to him without payment of any premium for the first year; further, that, if Dwiggins or any other insurance man came in, he (Goldman) was to give them to understand that he was buying the policy in the regular way, and was to pay the premium thereon in full. When defendant appeared in company with Dwiggins, Goldman carried out his part contemplated by such arrangement. So, also, when, later on, Dwiggins called upon Goldman for payment of the first year's premium, he refused. It is the statute of this State that if any person designedly and by false pretense, and with intent to defraud, obtain from another any money, etc., he shall be punished, etc. Code, section 5041. A false pretense is defined to be a false and fraudulent representation or statement of a fact as existing or having taken place, made with knowledge of its falsity, with intent to deceive and defraud, and which is adapted to induce the person to whom it is made to part with something of value. 12 Am. & Eng. Enc. 804; *State v. Joaquin,* 43 Iowa, 132; *State v. Grant,* 86 Iowa, 217. Without elaboration, we think that, within the meaning of the statute, a case for a verdict was made out. See, further, as bearing upon the subject, *State*

*v. Dowe,* 27 Iowa, 273; *State v. Fooks,* 65 Iowa, 196; 12 Am. & Eng. Enc. 812.

III. The defendant, as a witness upon the trial, testified in chief that, in connection with his scheme for advertising his business as a life insurance agent, it was his intention to himself furnish the necessary amount of money to Goldman to pay the first year premium; that therein he acted in good faith, and had no intention to defraud. Upon cross-examination, and as bearing upon the question of intent, the defendant was inquired of about several other transactions similar in character, and which took place about the same time. Upon rebuttal the State introduced as witnesses the persons with whom such other and distinct transactions were had, and by them the details of the transactions were shown. We may agree that the objections to such evidence should have been sustained, for that it was improperly offered on rebuttal, and without notice or leave. But the evidence was competent in character, and such as might have been properly introduced in chief, as bearing upon the question of the intent of the defendant. *State v. Brady,* 100 Iowa, 191. Now, the matter of a change in the order of proof is largely within the discretion of the court, and therefore prejudice is not to be presumed in all cases. Our reading of the instant record satisfies us that no prejudice resulted to the defendant from the introduction of the evidence complained of. And this more particularly for the reason that it appears that the persons called as witnesses gave an account of the respective transactions had with them substantially in all material respects the same as was that detailed by the defendant himself. The effect, therefore, was to corroborate rather than to contradict.

Other errors contended for are without merit.

The judgment was warranted, and it is *affirmed.*

2. SIMILAR TRANSACTIONS.

3. ORDER OF PROOF: prejudice.