### 963.   LASTER *v.* THE STATE.

The special exceptions are the same as those presented in *Crawford* v. *State,* ante, 789, and are without merit; but the verdict of guilty was unauthorized, and a new trial should have been granted, for the reason that the evidence upon the subject of the defendant's fraudulent intent, which was entirely circumstantial, was as consistent with the defendant's innocence as with guilt, and did not exclude an hypothesis that the defendant was innocent of a fraudulent intent, even more reasonable than that he acted with such fraudulent intent.

Accusation of misdemeanor, from city court of Bainbridge—Judge Harrell. January 6, 1908.

Submitted February 25,—Decided September 30, 1908.

*T. S. Hawes,* for plaintiff in error.

RUSSELL, J. In the court below the defendant in this case was charged and tried jointly with one Crawford, and exactly the same questions are raised by both bills of exceptions. In the opinion in the *Crawford* case, ante, 789 (62 S. E. 501), we have already fully considered the special exceptions filed pendente lite and the assignments of error contained in the nineteen grounds of the amended motion, and have held, as we again hold, that none of these exceptions are well taken. Having disposed of these, the only remaining question in this case, as was true in the *Crawford* case, is whether the evidence is sufficient to authorize the verdict of guilty. We are clear that the evidence adduced upon joint trial authorized the jury to find the defendant Crawford guilty, and, consequently, this court was without jurisdiction to set aside the finding as being contrary to law for lack of evidence to support it. In the case of the present plaintiff in error, however, we are of the opinion that the judgment refusing a new trial should be reversed, because the evidence against the defendant Laster is insufficient to authorize a verdict of guilty against him.

We waive all consideration of the fact that it is plain that Chason & Reynolds placed but little reliance on the representations of this particular defendant; that they would not consummate the lease until his codefendant Crawford had been consulted; that when the lease was being made, Crawford assisted in giving the description of the land, by means of which Chason & Reynolds were defrauded, and the fact that they knew that Laster could not sell the timber without Crawford's consent. In a case of cheating and swindling it must appear that he who was defrauded was so defrauded because of his reliance upon the statements made to him; and the evidence for the State upon this branch of the case is exceedingly weak, so far as this defendant is concerned. We plant our judgment, however, upon the fact that the State failed to show, beyond a reasonable doubt, that the defendant Laster knowingly made any false representations, or, in other

words, that he made the statements he did with fraudulent intent. The evidence of fraudulent intent is necessarily circumstantial. This being true, the testimony must establish beyond any other reasonable hypothesis that the defendant knew that he did not own the timber he was proceeding to sell, at the time that he was pointing out the boundaries of the land and when he signed the lease. So far as the evidence in this case is concerned, the testimony is most susceptible to the inference that he honestly believed and had good reason to believe that he had a perfect right to sell the timber, with Crawford's consent, and to sign the lease by which Chason & Reynolds were defrauded. It is undisputed, in the testimony, that Laster held the land under bond for title from Crawford, and that Chason & Reynolds knew this; and there is no evidence that the description of the land set forth in the bond for title did not include all of the land which Chason & Reynolds claimed to have purchased. There is no evidence that Laster, in pointing out the boundary of the land, exceeded what had been bargained to him by Crawford; and as to the timber itself, Chason & Reynolds were informed that he could not sell this except upon Crawford's assent. Another significant difference which tends to show that the defendant Laster was perhaps honestly mistaken as to the extent of his interest at the time that he dealt with Chason & Reynolds is the evidence by the witnesses for the State, that after the shortage was discovered, the defendant Laster expressed his willingness to accede to the demand of the purchasers to rescind and restore the purchase-price, while the defendant Crawford, to whom the money had been paid on a debt due him by Laster (for which he still held Laster's note), refused to rescind, and stood on the proposition that the purchasers ought themselves to have discovered the shortage before they paid their money. While this circumstance is not conclusive, it is strongly illustrative of intent, and tends to strengthen an hypothesis as to this defendant which is inconsistent with guilt. It is plainly apparent, from various circumstances detailed by witnesses for the State, that the evidence fails to exclude any other reasonable hypothesis save the guilt of the defendant; and for this reason the conviction of Laster was unauthorized.

*Judgment reversed.*