STATE OF IOWA, Appellee, v. CLYDE BOLTON et al., Appellants.

FALSE PRETENSES: Instructions—Element of Intent. Under an
1  indictment for false pretenses, instructions relevant to the element

of ''intent'' are sufficient which declare that the State must prove ''beyond a reasonable doubt that false representations were knowingly made by the defendant with the specific intent to defraud.''

**TRIAL:** Instructions—Correct but Nonelaborate. Instructions which
2    are correct are all-sufficient, in the absence of a request for elaboration.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

MARCH 13, 1923.

REHEARING DENIED JUNE 22, 1923.

THE defendants were indicted separately, and by agreement were tried jointly for the crime of cheating by false pretenses. They were convicted, and appeal.—*Affirmed.*

*W. N. Birdsall,* for appellants.

*Ben J. Gibson,* Attorney-general, and *F. M. Linnell,* County Attorney, for appellee.

FAVILLE, J.—Millan George and Nacha Mirich were the owners of a certain restaurant in Charles City, Iowa. They are the complaining witnesses in this case. It appears that the appellants are cousins, and visited the restaurant of the complaining witnesses at different times. Sometime in the fall of 1920, the appellant Clyde Bolton became the owner of a certain 40-acre tract of land located in Union Township, Black Hawk County, lying near the Cedar River. Negotiations were entered into between the complaining witnesses and the appellants with regard to an exchange of the restaurant property for said tract of land. Before the exchange was consummated, the appellants took the complaining witnesses for an inspection of the said land. Briefly stated, it is the contention of the State that at said time the appellants showed the complaining witnesses a tract of land that adjoined the land in question; and that said tract so displayed was a 50-acre tract owned by one Miller, and was very much superior in quality to the land owned by appellant Clyde Bolton. After an examination of this farm which the complaining witnesses supposed they were trading for, the

deal was closed. The restaurant was exchanged at a value of
$3,000, and the land taken at a value of $5,000, the difference
being represented by a mortgage of $2,000 given on the land.
The same evening that the change was effected, the appellants
sold the restaurant for $750. Within a few days thereafter, the
complaining witnesses again visited the land in question, and
then met Miller, who owned the land that had been pointed out
to them, and thereupon learned for the first time that the land
they had seen belonged to Miller, and that the land which they
had dealt for was sandy land, near the river, and of compara-
tively little value.

I. Appellants complain of the refusal of the court to give
two instructions asked by appellants.

Requested Instruction No. 2 was as follows:

"You are instructed that, while the question as to whether
there was or was not on the part of the defendants an intent
to defraud must be determined by all the facts and circum-
stances bearing thereon, as disclosed by the evi-
dence, yet the intent to defraud must be specif-
ically proven, and cannot be inferred from the
fact, even though you find it to be a fact, that false representa-
tions were made by the defendants."

1. FALSE PRE-
TENSES: instruc-
tions: element of
intent.

Requested Instruction No. 3 was to the same general effect
as requested Instruction No. 2, and it contained the following
clause:

"An intent to defraud must be specifically proven, and
cannot be inferred from the fact, if you find it to be a fact, that
false representations were made by the defendants."

Appellants make the point that, in an action of this kind,
it is incumbent upon the State to prove that the false represen-
tations were made with intent to defraud, and that such intent
must be specifically proved. We think the requested instruc-
tions were fully covered by Instruction No. 6, given by the
court, as follows:

"Each of the indictments charge the crime of cheating by
false pretense. In order to warrant the conviction of either or
both of the defendants of the crime charged, the State must
prove, by the evidence introduced upon the trial, beyond a rea-
sonable doubt, that false representations were knowingly made

by either or both defendants, with the specific intent to defraud; that a fraud was in fact perpetrated by means of such false representations; and that thereby said Millan George and Nacha Mirich were induced to part with their property, substantially as alleged in the indictments.''

This was supplemented also by Instruction No. 11, in which the court defines intent and what is necessary in order to establish an intent to defraud.

There was no error at this point of which appellants can complain.

II.   It appears from the evidence that the complaining witnesses had instituted a civil action against the appellants for damages growing out of the transaction involved in the indictments.   The court gave the jury the following instruction:

''These cases should each be determined by you upon the merits, and without reference to the civil rights of Millan George, Nacha Mirich, and the defendants, or any of them.''

It is not contended by appellants that said instruction was not a correct statement of the law, but it is contended that the court erred in not amplifying and enlarging the same.   No request was made by the appellants in this respect. The instruction was correct.

2. TRIAL: instructions: correct but nonelaborate.

We find no error at this point of which appellants can complain.

III.   Appellants contend that the court erred in permitting the State to call a certain witness in rebuttal, and in permitting said witness to testify to matters that would properly have been receivable as part of the State's main case.

The order of the introduction of testimony was a matter within the discretion of the trial court, and there was no abuse of such discretion in this case.

We find no error in the record of which complaint is made by appellants, requiring any interference on our part.   The judgment of the district court must, therefore, be, and it is,— *Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.