STATE OF IOWA, Appellee, v. FLOYD HIXSON, Appellant.

FEBRUARY 7, 1928.

REHEARING DENIED MAY 11, 1928.

*Ralph H. Munro* and *Robert Shaw,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, *William W. Simmons,* County Attorney, and *Leo D. Thoma,* for appellee.

STEVENS, C. J.—I. This is the second appeal of this case. For a full statement of the allegations of the indictment see *State v. Hixson,* 202 Iowa 431. Numerous alleged errors and exceptions to the rulings of the court are assigned and relied upon by appellant for reversal. We shall consider only the two principal propositions urged.

One of the grounds of reversal upon the former appeal was that the indictment was defective in form in that it failed to allege a sufficient description of the stock of merchandise which it is alleged was obtained by appellant from the owner thereof by fraud. Upon remand of the cause for a new trial, the county attorney, with leave of court, amended the indictment as follows:

"Said stock of merchandise consisting of groceries, dry

goods, drugs, and fixtures, as set forth and described in this indictment, being then and there located, situated, and contained in one certain frame mercantile building in the town of Pleasant Plain, Jefferson County, Iowa, which said building is located on a portion of Block one (1) Crumley's Addition to said town.''

Appellant resisted the filing of the foregoing amendment to the indictment, and moved for a dismissal of the case. The motion was overruled, and the cause tried, with the result that the defendant was again convicted.

Specifically, the contention of appellant is that an indictment returned by a grand jury cannot be amended as to a matter of substance. The question need not be decided. Section 13744 of the Code of 1924 is as follows:

''The court may, on motion of the State, and before or during the trial, order the indictment so amended as to correct errors or omissions:

''1. In matters of form, or

''2. In the name of any person, or

''3. In the description of any person or thing, or

''4. In the ownership of property.''

It is provided by Section 13747 that:

''Such amendment shall not prejudice the substantial rights of the defendant, or charge him with a different crime or different degree of crime from that charged in the original indictment returned by the grand jury.''

It will be observed that the statute expressly permits an indictment to be amended ''in the description of any person or thing.'' It was pointed out by the court in its former opinion in this case that the defect in the indictment was the omission therefrom of a sufficient description of the property. The purpose of the amendment was to clearly describe and designate the particular stock of goods which the State claimed the defendant obtained by means of false pretenses. The amendment to the indictment related solely to a matter of description, and therefore was proper, under the statutes. *State v. Foxton,* 166 Iowa 181; *State v. Kiefer,* 172 Iowa 306; *State v. Hessenius,* 165 Iowa 415; *State v. Kappen,* 191 Iowa 19, 20; *State v. Japone,* 202 Iowa 450; *State v. Childers,* 202 Iowa 1377; *State v. Render,* 203 Iowa 329.

II. Section 13045 provides that:

"If any person designedly and by false pretense, or by any privy or false token, and with intent to defraud, obtain from another any money, goods, or other property * * * he shall be imprisoned in the penitentiary * * *."

The court quoted the statute, in substance, in Paragraph 4 of the charge to the jury. This was followed by a statement of the elements of the offense necessary to be proven, as follows:

"First: There must be an intent to defraud. Second: Actual fraud must be committed. Third: False pretense must have been used for the perpetration of the fraud, and fourth: Property must have been obtained by means of the false pretense which induced the owner to part with his property."

In a succeeding paragraph of the charge to the jury, the court stated in detail certain essentials of the crime and of the allegations of the indictment necessary to be proven beyond all reasonable doubt.

Appellant contends that the court nowhere in this paragraph, or in the charge as a whole, placed the burden upon the State of proving beyond a reasonable doubt that, at the time the alleged representations were made, appellant knew of their falsity. There is an entire omission from the instructions of any reference whatever to guilty knowledge on the part of the appellant,—at least in terms.

The rule is well established in this state and elsewhere that the indictment must allege, and the State prove, that the accused knew that the false pretenses charged were false. *State v. Jamison*, 74 Iowa 613; *State v. Neimeier*, 66 Iowa 634; *State v. Rivers*, 58 Iowa 102; *State v. Seligman*, 127 Iowa 415; *State v. Sherman*, 183 Iowa 42; *State v. Detloff*, 201 Iowa 159; *State v. Bolton*, 195 Iowa 1349; *State v. La Vere*, 194 Iowa 1373; *Laster v. State*, 4 Ga. App. 804 (62 S. E. 508); 1 McClain on Criminal Law, Section 690.

In *State v. Seligman*, supra, false pretense was defined as follows:

"A false pretense is defined to be a false and fraudulent representation or statement of a fact as existing or having taken place, made with knowledge of its falsity, with intent to deceive

and defraud, and which is adapted to induce the person to whom it is made to part with something of value.''

The words ''designedly'' and ''knowingly'' have been construed, when used in a charge of cheating by false pretenses, as substantially equivalent. *State v. Halida,* 28 W. Va. 499.

The answer of the State to the contention of appellant is that the indictment as a whole sufficiently apprised the jury that it was incumbent upon it to prove beyond a reasonable doubt that the appellant made the false representations charged, with knowledge of their falsity. There is a statement in the instructions that appellant was presumed to intend the results or consequences of his act, and that it was incumbent upon the State to prove that a fraud was perpetrated and that the owner was induced to part with his property in the belief that the representations were true, and in reliance thereon. The instruction also required the jury to find that the evidence sustained the charge in the indictment that the statements and representations made were false and fraudulent. None of these recitals or statements in the instructions were in any sense equivalent to a statement that it was incumbent upon the State to prove guilty knowledge on the part of appellant. This is obvious, and needs no elaboration.

It is further suggested by the State that, if the instruction was not satisfactory or sufficiently full, appellant was charged with the duty of requesting further instruction on the subject. It is too well settled to require the citation of authority that it is the duty of the court to, in a criminal case, instruct fully as to the elements of the crime, and that an erroneous instruction in this particular is ground for reversal.

We have examined the entire charge to the jury, and are unable to find in it any statement or recital from which the jury could reasonably have inferred that the burden was upon the State to prove knowledge on the part of the defendant of the falsity of the pretenses alleged.

Other questions discussed by counsel are not likely to arise upon a retrial, and we need not, therefore, refer thereto.— *Reversed.*

EVANS, FAVILLE, ALBERT, and KINDIG, JJ., concur.

WAGNER, J., not participating.