STATE of Iowa, Appellee,

v.

David TILLMAN, Jr., Appellant.

No. 93–72.

Supreme Court of Iowa.

March 23, 1994.

Rehearing Denied April 20, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell and Julie Halligan Brown, Asst. Attys. Gen., and Mary E. Richards, County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

David Tillman, Jr. appeals his convictions for first-degree kidnapping, Iowa Code §§ 710.1(3), 710.2 (1991), first-degree robbery, Iowa Code §§ 711.1(1), (2), 711.2, and first-degree burglary, 1992 Iowa Acts ch. 1231, § 57 (codified at Iowa Code §§ 713.1, 713.3 (1993)). We affirm.

Tillman claims error in the court's overruling of his challenge for cause to two prospective jurors, its admission of statements made by the defendant regarding another crime, and its instruction to the jury on the requirements for first-degree burglary.

The evidence, when viewed in the light most favorable to the verdict, established the following facts. The victim returned to her trailer home at about 2:45 a.m. After watching television for about half an hour, she felt her trailer shift. Moments later she confronted a man, identified later as Tillman, in her kitchen. He forced her at knife point to perform sex acts with him. He took cash from her and demanded that she drive him to an automated teller machine to withdraw more. Before leaving the victim's home, Tillman warned her not to try anything on the way to the cash machine. He stabbed a couch twice and threw the victim's cat across the room, apparently to emphasize his point.

On the way back from the cash machine, Tillman told the victim that she had better be

quiet because he had recently killed a woman who had not cooperated with him.

When they returned to the victim's home, Tillman again forced the victim to perform sex acts with him. He found a gun that belonged to the victim's roommate and threatened to kill the victim. He eventually left without harming her further.

### I. *The Challenges for Cause.*

██ Tillman challenges the court's failure to sustain his objection to two potential jurors. *See* Iowa R.Crim.P. 17(5)(k). In ruling on a challenge for cause, the district court is vested with broad discretion. *State v. Hardin,* 498 N.W.2d 677, 681 (Iowa 1993); *State v. Kuster,* 353 N.W.2d 428, 433 (Iowa 1984).

Iowa Rule of Criminal Procedure 17(5)(k) provides that a challenge for cause is appropriate when a potential juror has "formed or expressed such an opinion as to the guilt or innocence of the prisoner as would prevent the juror from rendering a true verdict upon the evidence submitted on the trial." Tillman contends that these panel members evidenced such opinions and should have been stricken.

Two jurors, Jacobson and Rekemeyer, were involved in the challenges for cause. Potential juror Jacobson engaged in this colloquy with defense counsel on examination for cause:

DEFENSE COUNSEL: Mrs. Jacobson, I think you expressed some concern about whether you could get over [identifying with a victim the same age as your own children]?

MRS. JACOBSON: As a mother of two daughters, I must admit I would have a difficulty with it. It would be bothersome.

DEFENSE COUNSEL: Well, let me ask you this. Do you think that you can honestly give Mr. Tillman the presumption that he's entitled to? Does he have to prove himself innocent to you? You do know what the right answer is but—

MRS. JACOBSON: Definitely he would have to prove his innocence, yes.

Later on in the same colloquy:

DEFENSE COUNSEL: Okay. Do you think that if you were in Dave Tillman's seat here and someone like you who has these natural feelings of sympathy because you've daughters and maybe other things in your life, that you would be concerned about having a person like you on a jury?

MRS. JACOBSON: Yes. I can see there would be a concern, yes.

DEFENSE COUNSEL: Your Honor, I would like to challenge this juror for cause.

THE COURT: Well, it's overruled. She stated that even though she has those feelings, she'll do her best to put those aside.

The colloquy between defense counsel and potential juror Rekemeyer:

DEFENSE COUNSEL: You indicated some involvement with women who have been assaulted. Do you think you cannot be waiting to—for the defendant to prove that a witness is lying when the burden is on the state to prove that she's telling the truth?

MS. REKEMEYER: In all fairness to Mr. Tillman, no. I guess the reason I say that is not because I think he is guilty, but more that I identify with a woman; and if I was here [sic] how would I feel, and just in general, statistically and things like that. You know, it very well may not be Mr. Tillman, but someone did it. I guess that's how my insides feel. When the word sexual abuse is brought up or sexual anything like that, my adrenaline flows; and being a woman it's just an automatic; and in fairness I wouldn't want to be unfair to him; and I don't think that I could be extremely fair.

DEFENSE COUNSEL: Are you saying that you couldn't put aside those feelings and give him the full presumption of innocence if those accusations are made?

MS. REKEMEYER: I would like to say that I could, but I can't say that I definitely could.

Defense counsel's challenge to this juror was also overruled following the court's colloquy with the potential juror.

██ Under our prior law, if a challenge for cause had been erroneously overruled, prejudice was presumed if the defendant

used all of his peremptory challenges. *State v. Beckwith*, 242 Iowa 228, 232, 46 N.W.2d 20, 23 (1951).

This rule of presumed prejudice changed with *State v. Neuendorf*, 509 N.W.2d 743 (Iowa 1993). After *Neuendorf*, the presumption of prejudice no longer applies; the defendant must show (1) an error in the court's ruling on the challenge for cause; and (2) either (a) the challenged juror served on the jury, or (b) the remaining jury was biased as a result of the defendant's use of all of the peremptory challenges. *See id.* at 747.

*Neuendorf* had not been decided at the time this case was tried, and Tillman argues that it may not be applied to cases, like his, which were tried prior to the filing of that opinion. We reject that argument. *Neuendorf* does not change any of our case law or rules regarding the procedures to be used at trial regarding challenges for cause. The rule of *Neuendorf* is for use only in appellate review to determine whether the defendant was prejudiced by the erroneous ruling on the challenge for cause. Accordingly, we apply the rule of *Neuendorf* here.

The State argues that we need not even reach the prejudice issue because the defendant failed to sufficiently state the reasons for the challenge. As to juror Rekemeyer, defense counsel said, "Thanks, Your Honor, I would like to challenge this juror for cause." As to juror Jacobson, defense counsel stated, "Your Honor, I would like to challenge this juror for cause."

Under similar circumstances, this court in *State v. Williams*, 285 N.W.2d 248, 267 (Iowa 1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1859, 64 L.Ed.2d 277 (1980), held that it could not review the court's ruling

> because the challenge was not sufficient to preserve any error. It did not specify the grounds upon which it was based. The full substance of it was: "we would challenge for cause...." Under similar circumstances, ... such a general statement did not entitle defendant to review of the question.... *See, e.g., Payne v. Waterloo, C.F. & N. Ry.*, 153 Iowa 445, 450, 133 N.W. 781, 783 (1911) (inference to be drawn from nature of examination of juror is not sufficient to preserve specific ground)....

■ Because of the lack of specificity in the challenges, the issue has probably been waived. Even assuming the challenges were specific enough for us to review them, we believe that Tillman has failed to establish the requisite prejudice. Tillman cannot satisfy part 2(a) of the *Neuendorf* test, as set out above (that the challenged jurors actually sat on the jury) because they did not. As to part 2(b) of that test, that the jury that actually decided the case was prejudiced, there is no support in the record. A lack of apparent prejudice is suggested by the fact that Tillman did not even challenge the members of the panel that were actually seated as jurors. Because Tillman has failed to meet the test of *Neuendorf*, we reject his argument on the challenges for cause.

## II. *The Motion in Limine.*

■ Tillman requested that the court prohibit the State from introducing evidence of Tillman's statement to the victim about having killed the woman who did not cooperate. He argues that this evidence was irrelevant and was highly prejudicial. Iowa Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The State claims it offered this evidence, not to discredit Tillman's character, but to rebut his claim that the victim consented and to show that she passed up opportunities to escape because she feared for her life.

> In determining whether evidence of "other crimes, wrongs, or acts" is admissible, the trial court must employ a two-step analysis. The court must first decide whether the evidence is relevant. If the court finds that it is, the court must then decide whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice.

*State v. Plaster*, 424 N.W.2d 226, 229 (Iowa 1988).

Clearly, the statement in question is relevant to the issue of consent. The question is whether its probative value outweighs the prejudicial impact. " 'Unfair prejudice' ... has been defined as 'an undue tendency to suggest decisions on an improper basis, commonly though not necessarily, an emotional one.' " *Plaster,* 424 N.W.2d at 231 (quoting Fed.R.Evid. 403 advisory committee's note).

> Evidence that appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action may cause a jury to base its decision on something other than the established propositions in the case.

*Plaster,* 424 N.W.2d at 231 (quoting 1 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 403[03], at 403–37—41 (1986) (footnotes omitted)).

While Tillman's statement that he had previously killed a woman was no doubt prejudicial, it was also very probative. We conclude that the court did not abuse its discretion in admitting it.

### III. *The Requirements for First–Degree Burglary.*

■ The trial court instructed the jury on the elements of burglary. However, during the jury's deliberation, it sent a note to the court, which stated:

> Does the occupant have to be in her trailer at the time of *entry* to qualify Item # 2 on Instruction # 38
>
> or
>
> If anyone is in the structure at *any* time during the burglary does Item # 2 on Instruction # 38 apply.

In response to the question, the court instructed the jury that the elements of first-degree burglary are met if "one or more persons were present at any time during the burglary."

Tillman argues that in order to commit burglary a person must be present at the time of the entry in order to constitute the crime. He argues that the supplemental instruction was therefore erroneous.

Iowa Code section 713.3 (Supp.1992) provides:

> A person commits burglary in the first degree if, while perpetrating a burglary in or upon an occupied structure in which persons are present, the person has possession of an explosive or incendiary device or material, or a dangerous weapon, or intentionally or recklessly inflicts bodily injury on any person.

The "persons are present" language was added to section 713.3 by the 1992 legislature. The issue of whether another person's presence is required as of the time of the entry or at any time during the commission of the burglary has not yet been decided.

Tillman has two problems in establishing this argument. First, the evidence is clear that the victim was in the trailer at the time he entered. The victim and even Tillman so testified.

Also, under Iowa Code section 702.13, a crime commences with the first act directed toward the commission of the crime and ends with the perpetrator's capture or elusion of pursuers. Even if a person entered the premises only after the burglary had commenced, section 713.3 makes it first-degree burglary. The presence of another person on the premises is not required to constitute the act of burglary itself. It simply elevates it to first-degree burglary. The court did not err in giving its supplemental instruction.

**AFFIRMED.**