# IN THE COURT OF APPEALS OF IOWA

No. 15-0895
Filed November 9, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOSHUA JAMES ROYER,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.

A defendant appeals his conviction for first-degree murder, challenging the court's denial of his motion to strike two jurors for cause and the court's admission of prior-bad-acts evidence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Joshua Royer appeals his conviction for first-degree murder, in violation of Iowa Code sections 707.1 and 707.2 (2013). He asserts the court erred in denying his motion to strike for cause two jurors who were aware of his criminal history, forcing him to use peremptory strikes to remove the jurors in question. He also claims the court erred in allowing into evidence testimony and video concerning his prior interaction with police. For the reasons stated herein, we affirm Royer's conviction.

## I. Jury Selection.

During jury selection, several members of the venire admitted knowledge of Royer and his criminal record from news articles they had read about the crime. Royer's counsel challenged those individuals for cause, asserting their knowledge of his record, and the inherent prejudice that knowledge brings, prevented them from being impartial. The court granted all but two of those challenges. Royer then used his peremptory challenges to strike these two remaining individuals from the jury. He appeals contending the court abused its discretion in not striking for cause these two potential jurors. He also asserts this court should find he was presumptively prejudiced by the need to use two of his peremptory challenges to remove these jurors. Such a conclusion would be in contravention to the supreme court's holding in *State v. Neuendorf*, 509 N.W.2d 743, 747 (Iowa 1993) ("We hold that partiality of a juror may not be made the basis for reversal in instances in which that juror has been removed through exercise of a peremptory challenge. . . . Prejudice will no longer be presumed

from the fact that the defendant has been forced to waste a peremptory challenge.").

We review a court's failure to grant a party's motion to strike a juror for cause for an abuse of discretion. *State v. Tillman*, 514 N.W.2d 105, 107 (Iowa 1994). A juror can be challenged for cause based on the juror "[h]aving formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent the juror from rendering a true verdict upon the evidence submitted on the trial." Iowa R. Crim. P. 2.18(5)(k). The district court has broad discretion in applying this test to a party's challenge for cause. *State v. Mitchell*, 573 N.W.2d 239, 240 (Iowa 1997). While prejudice in failing to grant a challenge for cause was previously presumed, our supreme court in *Neuendorf* determined there must be "some factual showing that this circumstance resulted in a juror being seated who was not impartial." 509 N.W.2d at 746. Without proof that the jury that rendered the verdict was not impartial, the court found "it is too speculative to justify overturning the verdict of the jury." *Id*. Thus, the test that must be applied requires the defendant to show "(1) an error in the court's ruling on the challenge for cause; and (2) either (a) the challenged juror served on the jury, or (b) the remaining jury was biased as a result of the defendant's use of all of the peremptory challenges." *Tillman*, 514 N.W.2d at 108.

Having reviewed the testimony given by the two prospective jurors, we doubt Royer's claim that the court abused its discretion in refusing the grant his motion to strike these jurors for cause. However, we need not reach that issue because Royer fails to argue he suffered prejudice in accordance with *Neuendorf*. He makes no argument that his use of his peremptory strikes to

remove these two jurors resulted in a biased jury hearing the case. *See id.* Instead, Royer only urges us to overrule *Neuendorf* and return to the prior rule that presumed prejudice if the defendant had to use a peremptory strike to remove the juror in question. *See State v. Beckwith*, 46 N.W.2d 20, 23 (Iowa 1951) ("[I]t is settled law that if a disqualified juror is left upon the jury in the face of a proper challenge for cause, so that defendant must either use one of his peremptory challenges or permit the juror to sit, and if defendant does use all of his peremptory challenges, prejudice will be presumed. Defendant should not be compelled to use his peremptory challenges upon prospective jurors who should have been excused for cause." (citation omitted)), *overruled by Neuendorf*, 509 N.W.2d at 746. "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). Because Royer failed to prove he was prejudiced by the district court's refusal to grant his motion to strike two jurors for cause, instead only urging us to presume prejudice in contravention to the holding of *Neuendorf*, which we cannot do, we deny this claim on appeal.

## II. Admission of Evidence.

Next, Royer seeks a new trial due to the district court's admission of testimony from a police officer and a dash-cam video showing Royer being pulled over weeks before the crime at issue in this case. Royer asserts the evidence in question had limited probative value, was cumulative to other evidence, and was highly prejudicial because it implied Royer was previously engaged in criminal activity. We review the district court's decision to admit evidence for an abuse of discretion. *See State v. Henderson*, 696 N.W.2d 5, 10 (Iowa 2005).

"Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *State v. Putman*, 848 N.W.2d 1, 9 (Iowa 2014) (quoting Iowa R. Evid. 5.401). Evidence that is relevant is admissible so long as the danger of unfair prejudice does not substantially outweigh the evidence's probative value. Iowa R. Evid. 5.403.

At issue in this case was the identity of the driver of a green Honda car with a loud muffler and a spare tire on the rear driver's side. The car was seen stopped next to the victim, who w as riding a bicycle and appeared to be talking to the occupant of the car, before shots rang out and the car sped away. The officer's testimony and dash-cam video showed that several weeks earlier Royer was driving a green Honda with a loud muffler and a spare tire located on the rear driver's side of the vehicle. Other crimes, wrongs, and acts may be admissible so long as the evidence is offered for a purpose other than to prove the character of a person to show the person acted in conformity with that character. *See* Iowa R. Evid. 5.404(b). The other purposes include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. The identity of the shooter was clearly at issue in this case, and therefore, the officer's testimony and the dash-cam video were relevant evidence.

Next, we must address whether the relevant evidence should not have been admitted because the evidence's "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

needless presentation of cumulative evidence." Iowa R. Evid. 5.403. The officer testified he pulled over a the green Honda because he "observed a traffic violation." He identified Royer as the driver and asked Royer to step out of the car. The dash-cam video confirmed this testimony, though no audio was played for the jury.

The fact Royer was pulled over by police weeks before the shooting for a "traffic violation" is not the type of evidence that is normally considered unfairly prejudicial because it does not have a likelihood of inducing the jury to make a decision on Royer's guilt on an improper basis, such as an emotional reaction to punish the defendant. *See State v. Rodriquez*, 636 N.W.2d 234, 240 (Iowa 2001) ("Unfairly prejudicial evidence is evidence that 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action [that] may cause a jury to base its decision on something other than the established propositions in the case.'" (alteration in original) (citation omitted)). Nor is the prior-acts evidence similar to the charged crime so that the jury would infer the defendant committed the current act because he committed the act on a previous occasion. *See Henderson*, 696 N.W.2d at 13 (finding the admission of the defendant's prior drug conviction unfairly prejudiced the defendant where he was on trial for a drug offense because the jury would have a hard time not allowing the information to consciously or subconsciously influence their decision).

While there was other evidence admitted at Royer's trial that also connected him to the vehicle, we conclude the officer's testimony was not unduly cumulative in this case. The other evidence included testimony from two

teenagers, who identified Royer as the person they spoke with who was driving the green Honda with a loud muffler and spare tire on the rear driver's side moments before the teenagers heard gun shots, and the testimony of Royer's acquaintances, who testified he drove the car in question.  In light of the fact the officer testified he pulled Royer's vehicle over for a "traffic violation" and the evidence was not needlessly cumulative, we conclude the court did not abuse its discretion in admitting the testimony of the officer and the dash-cam video.

We affirm Royer's conviction.

**AFFIRMED.**