# IN THE COURT OF APPEALS OF IOWA

No. 22-2074
Filed February 7, 2024


**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**ANTWAN ANTONIO JOHNSON, SR.,**
         Defendant-Appellant.
_____

         Appeal from the Iowa District Court for Black Hawk County,
Brook Jacobsen, District Associate Judge.


         A defendant appeals his convictions for child endangerment and domestic
abuse assault, second offense. **AFFIRMED.**


         Mark C. Meyer, Cedar Rapids, for appellant.

         Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney
General, for appellee.


         Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

In an appeal plagued by error-preservation problems, with claims lacking in prejudice, Antwan Johnson challenges his convictions for child endangerment and domestic abuse assault, second offense. We affirm.

At his jury trial, Johnson's thirteen-year-old stepdaughter testified that she saw him push and "choke"[1] her mother, Natasha, in July 2022 in the back seat of a car parked outside their house. When the child told Johnson to stop, he got out of the car and turned his attention to her. Johnson punched the child in the stomach and pushed her. He pushed Natasha too, causing her to fall onto the sidewalk. Neighbors watching from across the street called 911. Johnson left before the police arrived but was arrested several days later.

On appeal, Johnson claims the district court abused its discretion in (1) admitting audio recordings of two 911 phone calls; (2) allowing opinion testimony by a police officer that Natasha was uncooperative; (3) overruling an objection to rebuttal evidence; and (4) denying his for-cause challenge to a potential juror.

*A.    Evidentiary Claims*

We review evidentiary rulings for an abuse of discretion. *State v. Buelow*, 951 N.W.2d 879, 884 (Iowa 2020). When the admission of evidence "is challenged in the trial court our adversary system imposes the burden upon

---

[1] Although the correct word for what the child described is "strangle," we use the word "choke" because that's the language the child used to describe what happened. *See In re A.G.*, No. 23-1066, 2023 WL 5605628, at *1 n.1 (Iowa Ct. App. Aug. 30, 2023); *accord* Mary Pat Gunderson, *Gender and the Language of Judicial Opinion Writing*, 21 Geo. J. Gender & L. 1, 11 (2019) (noting that describing acts of strangulation as "choking" can minimize or mitigate the conduct).

counsel to make a proper record to preserve error." *State v. Droste*, 232 N.W.2d 483, 487 (Iowa 1975). "A reversal is required for the improper admission" of evidence only if the admission "affected a substantial right of a party." *Buelow*, 951 N.W.2d at 890; *accord* Iowa R. Evid. 5.103(a).

*1.* *Audio Recordings.* The neighbors who made the 911 calls testified at trial. The prosecutor asked the first witness: "Q. And before you came to testify today, did you have a chance to listen to your 911 call? A. Yes. Q. And is it an accurate copy of the call that you made to 911? A. Yes." The second witness was asked the same questions and answered, "Yes," as well. When the prosecutor offered the recordings of the calls as exhibits, Johnson objected to both on chain-of-custody grounds, adding a lack-of-foundation objection to the second recording. The district court overruled his objections.

Johnson contends this was an abuse of the court's discretion because "the feeble effort to show the authenticity of evidence made in this case, which included no effort to show chain of custody, was [not] sufficient to establish a foundation for the evidence." The State partially contests error preservation, arguing "the objection 'lack of foundation' was inadequate to preserve error," leaving Johnson with the chain-of-custody objections. *See State v. Burrell*, 255 N.W.2d 119, 123 (Iowa 1977) ("A general foundation objection does not preserve error . . . ."). But the State asserts that error was not preserved on those objections either because "on appeal Johnson seeks to recast his objection by arguing there was insufficient foundation and authentication for the recordings." *See State v. Taylor*, 310 N.W.2d 174, 177 (Iowa 1981) ("A party cannot announce one reason for an

objection at trial and on appeal rely on a different one to challenge an adverse ruling.").

We disagree. From the context of Johnson's objections, it is apparent he was arguing that proper foundation for the recordings of the 911 calls had not been laid *because* the State did not establish the chain of custody. *See, e.g.*, *State v. Lunsford*, 204 N.W.2d 613, 616 (Iowa 1973) (considering a similar objection, although disapproving of its form); *see also* Iowa R. Evid. 5.103(a)(1)(B) (requiring the objecting party to "[s]tate[] the specific ground" for the objection, "unless it was apparent from the context," to preserve error). This doesn't get Johnson far, however.

"Evidence cannot be admitted unless it is properly identified." *State v. Orozco*, 290 N.W.2d 6, 10 (Iowa 1980). The purpose of requiring the State to prove a chain of custody is to guard "against tampering, substitutions, and alterations of physical evidence." *State v. Klaich*, No. 11-0134, 2011 WL 5867019, at *5 (Iowa Ct. App. Nov. 23, 2011); *accord United States v. Craig*, 573 F.2d 455, 478 (7th Cir. 1977). That purpose is served where "a proper foundation demonstrating the accuracy and trustworthiness of the evidence is laid." *Craig*, 573 F.2d at 478; *accord State v. Russell*, 261 N.W.2d 490, 495–96 (Iowa 1978) (applying this rule to the foundation required for admission of tape recordings). When such a showing is made, the State does not "need to establish a chain of custody to demonstrate its authenticity." *State v. Deering*, 291 N.W.2d 38, 41 (Iowa 1980).

The neighbors' testimony that they listened to the recordings of their 911 calls before testifying and that the recordings were accurate established a proper

foundation for their admission. *See State v. Petties*, No. 17-0662, 2019 WL 480300, at *8 (Iowa Ct. App. Feb. 6, 2019) (finding a witness's testimony that he had reviewed the cell phone recordings of his conversations with the defendant "and each was a fair and accurate depiction of the portion of the conversation" was adequate for admission); *see also Deering*, 291 N.W.2d at 40 ("When, as here, a witness to the event purportedly depicted by the film testifies that the film accurately portrays that event, a foundation has been established . . . ."). Thus, the State was not required to present testimony "from the 911 operator who received the call," as Johnson argues.

In any event, like the State points out on appeal, Johnson does not claim "that any falsification or misrepresentation actually occurred here." *Deering*, 291 N.W.2d at 41. And the neighbors testified to the same things the jury heard on the recordings of the 911 calls. *See State v. Wilson*, 878 N.W.2d 203, 219 (Iowa 2016) ("One way to show erroneously admitted evidence did not impact a verdict is to show it was merely cumulative."). We accordingly reject this claim.

*2. Opinion Testimony.* Johnson next claims the district court abused its discretion in allowing a police officer to testify that Natasha was not cooperative when he arrived on the scene. On cross-examination, the officer agreed with defense counsel that when he saw Natasha on the ground, "she didn't have any visible injuries." So, on redirect, the prosecutor asked the officer, "Did you look at her back?" He answered, "Not other than—I mean no." The prosecutor continued, "Was she cooperative with you?" Johnson objected: "Hearsay and relevance and opinion." The court overruled the objection, and the officer answered, "She was not cooperative." Citing Iowa Rule of Evidence 5.701(c), Johnson argues the

officer's "opinion about whether the victim had a cooperative or noncooperative state of min[d] was outside the scope of lay opinion testimony because it was based on specialized knowledge the witness was not shown to possess."

We agree with the State that Johnson's general "opinion" objection did not preserve error on this claim. *See State v. Hubbs*, 268 N.W.2d 188, 189 (Iowa 1978) (stating the "general objection" that a question "called for 'an opinion on the part of the witness'" "preserves nothing for review"). So we decline to consider it further.

3. *Rebuttal Testimony.* This leaves us with Johnson's final evidentiary claim—that the district court abused its discretion in allowing rebuttal testimony from a child protective worker for the Iowa Department of Health and Human Services. After the State rested, Johnson called Natasha to testify on his behalf. She denied that Johnson hit, pushed, or "choke[d] her with both hands," instead characterizing what happened between them as a "disagreement." On cross-examination by the State, Natasha also denied telling the child protective worker "that there was a physical altercation" between her and Johnson that day.

In rebuttal, the prosecutor called the worker as a witness and asked her, "Did Mr. Johnson make any admissions to you about whether he had been in an altercation of some kind with his wife?" Johnson objected to the question as "improper rebuttal." The court overruled the objection, and the worker testified: "[W]hen he and I talked, he did speak about a disagreement, I believe, and I am going off memory. I believe he talked about it being a verbal disagreement."

Johnson argues this was improper rebuttal testimony because he "did not testify at trial, nor did the defense question their lone witness, Natasha . . . about

what he said." We agree with the State that error, if any, in admitting this evidence was not prejudicial because it corroborated Natasha's testimony that the dispute was not physical and supported Johnson's general denial defense. *See State v. Seligman*, 103 N.W. 357, 358 (Iowa 1905) (finding that even if the evidence was improperly offered on rebuttal, "no prejudice resulted to the defendant" because its effect "was to corroborate rather than contradict" the defendant's own testimony); *accord State v. Hall*, 235 N.W.2d 702, 723 (Iowa 1975) (concluding that while the trial court should have rejected a witness's testimony "as not being rebuttal, the decision permitting him to testify was without prejudice").

### B.     Juror Challenge

Although jury selection was not reported, the court made a record after the jury was empaneled on the parties' for-cause challenges. One of those challenges was to Juror No. 142, who the court said "provided some information about [a] prior history involving domestic assault" during defense voir dire, including that she and some family members were "survivors of domestic assault." The court denied that challenge and another one to Juror No. 99, who "indicated some prior history involving domestic assault charges."

On appeal, Johnson claims the court should have granted both challenges. However, the court stated the challenge to Juror No. 99 was made by the State. The court did not specify which party made the challenge to Juror No. 142, although the State does not contest that it was made by Johnson. We agree with the State that Johnson cannot show he was prejudiced by that ruling. *See State v. Lillie*, No. 21-1393, 2022 WL 2824779, at *2 (Iowa Ct. App. July 20, 2022) ("To grant [the defendant] the reversal she requests, we must not only find that the

district court erred in denying the challenge for cause but also that [she] was prejudiced by the improper denial.").

As we summarized in *Lillie*,

Prejudice is presumed when (1) the district court improperly refuses to disqualify the juror in question, (2) the defendant is thereby forced to expend a peremptory challenge, and (3) the defendant requests, and is denied, an additional peremptory strike upon exhausting those afforded under Iowa Rule of Criminal Procedure 2.18(9).

*Id.*; *accord State v. Jonas*, 904 N.W.2d 566, 583 (Iowa 2017). Johnson acknowledges that "[n]o request for an additional strike was made by defense counsel in the case at bar, at least as appears of record." As a result, the prejudice test in *State v. Neuendorf*, 509 N.W.2d 743 (Iowa 1993) applies. *See Jonas*, 904 N.W.2d at 583.

To establish prejudice under that test, Johnson must show "either (a) the challenged juror served on the jury, or (b) the remaining jury was biased as a result of the defendant's use of all of the peremptory challenges." *State v. Tillman*, 514 N.W.2d 105, 108 (Iowa 1994) (citing *Neuendorf*, 509 N.W.2d at 747). Johnson made neither showing. Instead, he asks us to overturn the prejudice standards developed by our supreme court in *Neuendorf* and *Jonas*, arguing that prejudice should be presumed "when a judge does not strike a juror for cause who has been the victim of the same crime for which the defendant is on trial." We cannot do so. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

Because Johnson's claims on appeal were either not preserved for our review or did not result in prejudice, we affirm his convictions.

**AFFIRMED.**