# IN THE COURT OF APPEALS OF IOWA

—————————————

No. 24-1591
Filed February 11, 2026

—————————————

**Nathan Lee Brocks,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

—————————————

Appeal from the Iowa District Court for Linn County,
The Honorable Christopher L. Bruns, Judge.

—————————————

**AFFIRMED**

—————————————

Webb L. Wassmer of Wassmer Law Office, PLC, Marion,
attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven,
Assistant Attorney General, attorneys for appellee.

—————————————

Considered without oral argument
by Badding, P.J., Langholz, J., and Mullins, S.J.
Opinion by Mullins, S.J.

1

**MULLINS, Senior Judge.**

A Linn County jury found Nathan Brocks responsible for breaking into his wife's apartment and causing her traumatic head and face injuries. In this case, Brocks contends the State failed to prove that his wife was present inside the apartment when he entered to commit the assault—an essential element of the first-degree burglary charge for which he was convicted. *See* Iowa Code § 713.3 (2019). Because his attorney never raised this issue, Brocks claims he was denied effective assistance of counsel during his criminal trial. The district court denied postconviction relief. Brocks appeals.

Brock's wife, T.B., testified that on January 6, 2019, she returned home from a night out to find Brocks waiting for her in the parking lot of her apartment building. When she opened the door of her truck, Brocks reached in and began punching her. He then dragged her by the hair into her apartment. T.B. recalled that the unit was in shambles when Brocks forced her inside. Drawers had been overturned, pictures were ripped from the walls, and the sliding glass door she had locked the night before was in pieces on the ground. Brocks continued assaulting T.B. inside the apartment, where he held her captive for more than two hours. She escaped by spraying Brocks with a can of mace.

Brocks offered a different version of the events when he took the stand at trial. But the State urged the jury to believe T.B. It theorized that a jealous Brocks broke into the apartment in the early morning of January 6, commencing an offense that would escalate to first-degree burglary when T.B. returned home. To convict Brocks on that charge, the jury had to find (among other things) that Brocks entered T.B.'s apartment while "having the intent to commit . . . assault," Iowa Code § 713.1, and that the apartment was

2

"an occupied structure in which one or more persons are present," *id.* § 713.3. Brocks' trial attorney moved for judgment of acquittal on the former element but not the latter. On direct appeal, Brocks argued defense counsel should have pursued both issues because, even on the State's theory, T.B. was not home when Brocks first broke into the apartment. Our court affirmed the conviction without reaching that claim. *State v. Brocks*, No. 20-0077, 2021 WL 3662312, at *5 (Iowa Ct. App. Aug. 18, 2021) (citing Iowa Code § 814.7).

Brocks filed an application for postconviction relief in 2022, asserting several grounds. He maintains only one on appeal—namely, that "trial counsel was ineffective for failing to move for a judgment of acquittal on the basis that first degree burglary cannot be committed when no one is present at the time of the original entry." Citing *State v. Tillman*, 514 N.W.2d 105, 109 (Iowa 1994), the district court concluded that Brocks' empty-apartment defense would have been futile, and so counsel was not ineffective for failing to raise it at trial. We review that finding de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

In *Tillman*, a defendant challenged a supplemental jury instruction explaining that the presence element of first-degree burglary can be satisfied if "one or more persons were present at any time during the burglary." 514 N.W.2d at 109. Like Brocks, the defendant argued this statement was erroneous because "a person must be present at the time of the entry in order to constitute the crime." *Id.* Our supreme court found that section 713.3 provides otherwise:

> [U]nder Iowa Code section 702.13, a crime commences with the first act directed toward the commission of the crime and ends with the perpetrator's capture or elusion of pursuers. Even if a person entered the premises only after the burglary had commenced, section 713.3 makes it

first-degree burglary.[1] The presence of another person on the premises is not required to constitute the act of burglary itself. It simply elevates it to first-degree burglary. The court did not err in giving its supplemental instruction.

*Id.* (noting further that an instructional error would have been harmless in any event because the victim was undisputedly present at the time of the defendant's entry).

Brocks challenges *Tillman*'s interpretation, arguing "the error in [its] reasoning is that Iowa Code § 702.13 does not apply to the first-degree burglary statute." However, we are not at liberty to second-guess our supreme court's unambiguous statement of the law.[2] *Bomgaars v. State*, 967 N.W.2d 41, 48 n.4 (Iowa 2021). Brocks also offhandedly suggests that "*Tillman* is distinguishable in part." But he fails to explain how, so we consider that argument waived. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) ("A party forfeits an issue on appeal when the party fails to make an argument in support of the issue.").

---

[1] The version of section 713.3 at issue in *Tillman* was, for purposes relevant here, substantively identical to the statute under which Brocks was convicted. *See* Iowa Code § 713.3 (Supp. 1992) ("A person commits burglary in the first degree if, while perpetrating a burglary in or upon an occupied structure in which persons are present, the person has possession of an explosive or incendiary device or material, or a dangerous weapon, or intentionally or recklessly inflicts bodily injury on any person.").

[2] We must follow precedent whether or not we agree with the rationale. That said, it is worth noting that the legislature has amended section 713.3 three times since *Tillman*. And on each occasion, it declined to abrogate our supreme court's interpretation of the presence requirement. *See* 1994 Iowa Acts ch. 1107, § 15; 1998 Iowa Acts ch. 1059, § 1; 2010 Iowa Acts ch. 1104, § 16. That is one indication of an accurate construction. *See, e.g.*, *Richards v. Anderson Erickson Dairy Co.*, 699 N.W.2d 676, 682 (Iowa 2005) (noting "the legislature's silence over the years is evidence of its tacit approval" of an established statutory interpretation).

Although Brocks' offense may have commenced before T.B.'s arrival, T.B. testified that she spent more than two hours in the apartment with Brocks during the course of the burglary. From that evidence alone, a reasonable jury could find the State proved the presence requirement of section 713.3.[3] *Tillman*, 514 N.W.2d at 109; *see also State v. Lindaman*, ____ N.W.3d ____, ____, 2025 WL 3718817, at *3 (Iowa 2025) ("Under Iowa law, an alleged victim's testimony . . . can by itself constitute substantial evidence to sustain a conviction."). Counsel had no duty to assert Brocks' meritless defense. *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018). Nor was Brocks prejudiced by counsel's failure to do so. *See State v. Welch*, 507 N.W.2d 580, 584 (Iowa 1993) (finding no prejudice where the issues a defendant "claim[ed] his counsel should have raised [we]re clearly without merit").

Brocks has failed to show his burglary conviction was the result of ineffective assistance. He raises no other claim in this appeal. Because we find no constitutional defect in Brocks' criminal proceedings, we affirm the district court's denial of postconviction relief.

**AFFIRMED.**

---

[3] The State alternatively suggests that T.B.'s testimony supplied substantial evidence of an independent burglary, which commenced when Brocks re-entered the apartment dragging T.B. by the hair. It therefore contends that Brocks' empty-apartment defense would fail even if he was right about the law. Because we find *Tillman* controlling, we need not address this point.