STATE of Iowa, Appellee,

v.

Donna J. SIMMONS, Appellant.

No. 89–126.

Supreme Court of Iowa.

April 18, 1990.

Peter W. Berger, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James Smith,

County Atty., and Melodee Hanes, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO and NEUMAN, JJ.

NEUMAN, Justice.

This is an appeal by Donna Simmons from the judgment and sentence entered upon a jury verdict finding her guilty of first-degree kidnapping. We affirm.

Simmons was charged with aiding and abetting her live-in boyfriend, Larry Siemer, in the confinement and torture of Simmons' seven-year-old son Tracey. The defendants were tried separately. In an opinion filed today, we have affirmed Siemer's kidnapping conviction. *State v. Siemer,* 454 N.W.2d 857 (Iowa 1990). The facts giving rise to the prosecution are detailed in *Siemer* and will not be repeated here.

Simmons' appeal raises two legal issues which are controlled by our decision in *Siemer:* (1) whether a parent may, as a matter of law, be charged and convicted of kidnapping his or her own child, and (2) whether substantial evidence in the record supports a finding of confinement beyond that incidental to the underlying crime of serious injury or torture. Simmons also argues that the trial court abused its discretion by refusing to grant her motion for change of venue or, in the alternative, to grant her a continuance on the eve of trial.

In *Siemer* we held that "parents may not hide behind the guise of authority to escape punishment for conduct that is proscribed for all others by the kidnapping statute." *Id.* at 863. A parent's authority to confine his or her child is neither absolute nor "beyond the reach of the kidnapping statutes as a matter of law." *Id.* at 864. The trial court properly overruled Simmons' motion to dismiss premised on this ground.

■ Likewise, the record before us furnishes substantial evidence from which a jury could find that Tracey's confinement exceeded that "normally" incidental to the crime of child abuse. *See Siemer,* 454 N.W.2d at 864. Simmons' role in aiding and abetting that confinement is document-ed throughout the record. She shared the task of handcuffing Tracey to his bed, leaving him restrained and helpless while alone in the house. She participated in the torture which was facilitated by Tracey's restraint. She abetted Siemer's plan of secrecy by furnishing washcloths to prevent telltale bruising caused by the handcuffs and, when Tracey suffered a black eye from Siemer, told him to tell his teacher that he had run into a doorknob. This evidence, and more that we choose not to detail here, convinces us that the court correctly overruled Simmons' motion for judgment of acquittal.

■ Finally, we review de novo Simmons' constitutional claim that the court's refusal to grant her motion for change of venue deprived her of a fair trial. To prevail on such a claim, Simmons must prove that the publicity attending the case was so pervasive and inflammatory that prejudice must be presumed or that actual prejudice occurred. *State v. Harris,* 436 N.W.2d 364, 367 (Iowa 1989). Simmons cannot meet that standard on the record before us.

■ As we noted in *Siemer,* the media attention to these cases was pervasive but it was neither substantially nonfactual nor more sensational than the crimes themselves. *Siemer,* 454 N.W.2d at 861. The vast majority of the reporting did not even focus directly on Simmons as the perpetrator of the alleged atrocities, but on Siemer. This lack of media attention to Simmons was revealed by several of the jurors' unfamiliarity with her role in the alleged crime.

With respect to the timing of the media coverage in relation to Simmons' trial, we note that six months had passed between the filing of the charges and her trial, and two months had elapsed between Siemer's trial and her own. While there was a great deal of publicity in May and June following the filing of charges, that publicity was sharply curtailed during August and September. Media coverage increased as Siemer's trial approached in October, although a large proportion of it consisted of factual announcements relating to scheduling matters. Even media coverage of

Siemer's conviction in mid-October had well abated by Simmons' trial on December 7.

Simmons' principal contention is that prejudice against her arose from the publicity surrounding Siemer's conviction. A prior conviction does not by itself, however, create presumptive prejudice. *State v. Spargo*, 364 N.W.2d 203, 207 (Iowa 1985) (upholding denial of motion for change of venue where community knew of defendant's prior conviction); *State v. Hickman*, 337 N.W.2d 512, 515 (Iowa 1983) (denying motion for change of venue despite media coverage of defendant's prior conviction and parole); *State v. Johnson*, 318 N.W.2d 417, 421–22 (Iowa), *cert. denied*, 459 U.S. 848, 103 S.Ct. 106, 74 L.Ed.2d 95 (1982) (media reported instances of abuse by defendant toward same victim for whose murder defendant stood trial). We have also held that jurors' knowledge that a defendant's trial is a retrial does not give rise to a presumption of prejudice. *State v. Gavin*, 360 N.W.2d 817, 819 (Iowa 1985); *see also Arnold v. State*, 751 P.2d 494, 499 (Alaska App.1988) (jury's knowledge that codefendant has been convicted of the same offense does not create presumption of prejudice).

Finally, the vigorous voir dire conducted in this case was clearly effective in routing out any juror prejudice. Jurors were voir dired individually. It is true that of sixty prospective jurors, only two were completely unfamiliar with the case. Eighteen jurors were dismissed for cause. Of the twelve jurors seated, eleven reported prior knowledge of the facts. Eight knew Siemer had been found guilty. Nonetheless, each of the eleven jurors familiar with the case stated unequivocally that they were able to set aside any prejudgment they may have had and decide the case on the evidence and law presented.

Simmons asserts that the trial court applied an erroneous standard in ruling on challenges for cause in the case of two jurors who expressed tentative prejudgment of her. Simmons claims it was error for the trial court to require the jurors to express "an unqualified opinion [of prejudgment] that will be unshaken by the evidence" before dismissing them. Simmons asserts that a juror's mere *reservation* about impartiality justifies a change of venue. Simmons misstates the law in this regard. It is well settled that the correct standard is "whether the juror holds such a fixed opinion of the merits of the case that he or she cannot judge impartially the guilt or innocence of the defendant." *Johnson*, 318 N.W.2d at 421–22; Iowa R.Crim.P. 17(5)(k) (providing for a challenge for cause where a juror has expressed opinion which would prevent juror from rendering a true verdict on the trial evidence).

■ The trial court applied the correct standard here. Both of the jurors challenged by Simmons indicated that, although troubled by what they knew of the case, they would withhold judgment and presume Simmons innocent until the evidence proved otherwise. Based on the record before us, we find no abuse of the trial court's broad discretion with respect to ruling on this issue. The assignment of error is without merit.

■ Simmons also argues that the trial court abused its discretion in refusing to grant her a continuance to allow the press coverage surrounding the first day of trial to subside. We review the denial of such a motion for abuse of discretion. *State v. Grimme*, 338 N.W.2d 142, 144 (Iowa 1983). Our rules provide that continuances may not be granted "except upon a showing of good and compelling cause," Iowa R.Crim.P. 8.1(2), or upon a showing that "substantial justice will be more nearly obtained" thereby. Iowa R.Civ.P. 183(a). For the same reason Simmons has failed to demonstrate that the trial court abused its discretion in denying her motion for a change of venue, she has shown neither "good and compelling cause" nor that "substantial justice" would have been obtained by a continuance. The assignment is without merit.

AFFIRMED.