STATE of Iowa, Appellee,

v.

Scott David NEUENDORF, Appellant.

No. 92–467.

Supreme Court of Iowa.

Dec. 22, 1993.

As Corrected Dec. 22, 1993.

Rehearing Denied Jan. 20, 1994.

Alfredo Parrish and Andrew J. Dunn of Parrish & Kruidenier, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr. and Julie Halligan Brown, Asst. Attys. Gen., and Thomas J. Ferguson, County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL and TERNUS, JJ.

CARTER, Justice.

Defendant, Scott David Neuendorf, appeals from his conviction of second-degree sexual abuse. The court of appeals reversed that conviction on the ground that the district court improperly overruled a challenge for cause to a prospective juror. Although we believe that the challenge to this juror should have been sustained based on the answers that she gave to questions from counsel and the court, we hold that an improper ruling on a challenge for cause with respect to a particular juror is not automatically a ground for reversal when the juror in question has been removed through the use of a peremptory challenge. Absent a specific

showing of prejudice on the part of the remaining jurors, no prejudice is shown sufficient to warrant reversal. Consequently, we vacate the decision of the court of appeals and affirm the judgment of the district court.

The defendant and one David Oltrogge were each charged with sexual abuse in the second degree by a trial information alleging that they forced a woman into a car, drove her to a remote location, and there beat and forcibly sexually abused her. David Oltrogge was tried separately for this offense and for a related firearm violation prior to the time of defendant's trial. He was convicted of both charges.

In the selection of the jury for defendant's trial, Mr. Ferguson, the county attorney, asked prospective juror, Bonnie Brandt, if she had any knowledge of the case involving defendant. The following colloquy then took place:

JUROR BRANDT: I only know what I read in the newspaper.

MR. FERGUSON: So I take it that the information that you know about in [this] case—or Mr. Neuendorf's or Mr. Oltrogge's case came from the newspaper?

JUROR BRANDT: That's right.

MR. FERGUSON: Did you have any other source other than the newspaper?

JUROR BRANDT: No.

MR. FERGUSON: Can you tell me as best as you can recall what you remember reading or what the paper reported the evidence or testimony to be in that case?

. . . .

JUROR BRANDT: They picked up a woman off the street in downtown Waterloo, took her to an undisclosed place, I don't remember the place, was forced—she was forced into having sex; and she was dropped off somewhere and found her way back to report it to the police and that the first person was found guilty.

. . . .

MR. FERGUSON: Okay. Obviously, the question is, is that with that information do you think you can be impartial in this case and judge this person's guilt or innocence on what happens in that courtroom and not what you read?

JUROR BRANDT: I'm afraid I probably would find it difficult. I figure that a jury's found one of them guilty, probably the other is a co-partner and probably equally as guilty; but if I were forced into it, I would try to do it fairly; but I honestly think that [it] would be hard.

Thereafter, Juror Brandt was questioned as follows by defendant's counsel:

MS. KNOCK: ... If you had a loved one on trial such as a son or daughter, given the knowledge that you have, would you feel comfortable being a juror in that case?

JUROR BRANDT: I probably wouldn't want me on the case. I'd probably want someone who hadn't read the outcome of the prior trial.

Still later the court questioned Juror Brandt as follows:

THE COURT: ... [W]ould you make every reasonable effort to draw that distinction to judge Mr. Neuendorf only on the facts of Mr. Neuendorf's case and to put out of your mind as best you can any preconceived notions that what happened in Mr. Oltrogge's case ought to also happen in Mr. Neuendorf's case?

JUROR BRANDT: Yes. I think that would be the fairest thing I could do. . . .

THE COURT: Can we count on you to make every reasonable effort to draw a hard and fast line between Mr. Oltrogge and Mr. Neuendorf? Mr. Neuendorf's case has to be judged only on what Mr. Neuendorf did, and whatever Mr. Oltrogge did, Mr. Neuendorf has every right to expect that a jury will judge him only on Mr. Neuendorf's conduct. Do you understand that?

JUROR BRANDT: I hear you.

THE COURT: And will you make every reasonable effort to do just that, to judge Mr. Neuendorf only on what Mr. Neuendorf did or did not do?

JUROR BRANDT: I will try.

The court denied defendant's challenge of Juror Brandt for cause. This forced defendant to use a peremptory challenge to remove her from the jury.

The court of appeals concluded that the state of the record following this colloquy failed to remove the impression that Juror Brandt had a preconceived opinion bearing directly on the defendant's guilt. The court of appeals believed that nowhere had this juror indicated that such opinion would not ultimately influence the juror's views in the present case. Based on our examination of this record, we agree with that conclusion.

## I. *The Challenge for Cause Issue.*

■ We have stated the test to be applied in ruling on challenges for cause under Iowa Rule of Criminal Procedure 17(5)(k) is "whether the juror holds such a fixed opinion on the merits of the case that he or she cannot judge impartially the guilt or innocence of the defendant." *State v. Gavin,* 360 N.W.2d 817, 819 (Iowa 1985). The State agrees that this is the proper test but seeks to uphold the district court's ruling on the basis that the court has an extremely broad discretion in applying that test. It suggests that this case is similar to *State v. Simmons,* 454 N.W.2d 866 (Iowa 1990), in which we found no abuse of a trial court's broad discretion with respect to denial of a challenge for cause in a criminal proceeding.

■ We find that the present case differs substantially from *Simmons.* There, the jurors challenged for cause had affirmatively indicated in response to inquiries made to them that, although they were troubled about what they knew about the case, they would withhold judgment and presume the defendant innocent until the evidence proved otherwise. *Id.* at 868. We are unable to find any similar statement in the record of the examination of Juror Brandt. She indicated in response to questions from the county attorney that she believed the jury's finding in Oltrogge's case caused her to believe that the defendant "probably [was] equally as guilty." Also in answer to the county attorney's question, she indicated that although she would try to be fair she honestly believed that this would be hard to do. We are unable to conclude that her responses to the court's questioning indicated that she had overcome that belief as to her partiality.

The best case that the State can make from Juror Brandt's responses to the court's questions is that she would try her best to overcome her prejudices. She had already told the county attorney as much but qualified this by adding that it would be difficult to overcome her views as to the significance of the guilty verdict in Oltrogge's case. As the record was left, it suggests that this juror would begin the case with a prejudice that the defendant would have to overcome. We are thus unable to say that the court of appeals was wrong in concluding that the challenge for cause should have been sustained.

■ Having agreed with the court of appeals as to the validity of the challenge for cause, we are nevertheless unable to conclude that a reversal of defendant's conviction is warranted. The court of appeals' conclusion in this regard was based on the view expressed over forty years ago in *State v. Beckwith,* 242 Iowa 228, 46 N.W.2d 20 (1951), that error in denying a challenge for cause is not obviated by the fact that the juror in question is otherwise removed by exercise of a peremptory challenge. We believe the time has come to abandon that rule. Whatever Juror Brandt's prejudices were, she did not serve on defendant's jury. The search for legal prejudice must therefore focus on the potential for prejudice that flowed from forcing defendant to use a peremptory challenge on Juror Brandt that might have been used to remove another juror. In the absence of some factual showing that this circumstance resulted in a juror being seated who was not impartial, the existence of prejudice is entirely speculative. We believe it is too speculative to justify overturning the verdict of the jury on that basis alone.

Our abandonment of the *Beckwith* automatic reversal rule does not run afoul of a defendant's right to an impartial jury under the Sixth and Fourteenth Amendments to the federal Constitution. The Supreme Court in *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), determined that the proper focus when the impartiality of a jury is questioned is the jury that ultimately sat. *Id.* at 86, 108 S.Ct. at 2277, 101 L.Ed.2d at 88. The Court in *Ross* deter-

mined that in order for there to be a Sixth or Fourteenth Amendment violation it must be shown that, after the complaining party's peremptory challenges have been exercised, the jury that remains was not impartial. *Id.*

Since the *Ross* decision disposed of the constitutional aspects of this issue, at least nineteen states have refused to apply an automatic reversal rule of the type that we previously recognized in *Beckwith.* Those states have concluded that in order to obtain relief under a legal theory that a juror is not impartial it must be shown that that juror actually served in the case. When that juror did not serve in the case, it must be shown that the jury that did serve was not impartial. *See Pickens v. State,* 301 Ark. 244, 783 S.W.2d 341, *cert. denied,* 497 U.S. 1011, 110 S.Ct. 3257, 111 L.Ed.2d 766 (1990); *People v. Pride,* 3 Cal. 4th 195, 10 Cal.Rptr.2d 636, 833 P.2d 643 (1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1323, 122 L.Ed.2d 709 (1993); *Dawson v. State,* 581 A.2d 1078 (Del.1990); *Trotter v. State,* 576 So.2d 691 (Fla.1990); *State v. Graham,* 70 Haw. 627, 780 P.2d 1103 (1989); *State v. Ramos,* 119 Idaho 568, 808 P.2d 1313 (1991); *People v. Harris,* 231 Ill. App.3d 876, 173 Ill.Dec. 484, 596 N.E.2d 1363 (1992); *Vaughn v. State,* 559 N.E.2d 610 (Ind.1990); *State v. Mayberry,* 248 Kan. 369, 807 P.2d 86 (1991); *Williams v. Commonwealth,* 829 S.W.2d 942 (Ky.App.1992); *Hunt v. State,* 321 Md. 387, 583 A.2d 218 (1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 117, 116 L.Ed.2d 86 (1991); *Mettetal v. State,* 602 So.2d 864 (Miss.1992); *State v. Williams,* 113 N.J. 393, 550 A.2d 1172 (1988); *State v. Tranby,* 437 N.W.2d 817 (N.D.), *cert. denied,* 493 U.S. 841, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989); *State v. Broom,* 40 Ohio St.3d 277, 533 N.E.2d 682 (1988), *cert. denied,* 490 U.S. 1075, 109 S.Ct. 2089, 104 L.Ed.2d 653 (1989); *Commonwealth v. Ingram,* 404 Pa.Super. 560, 591 A.2d 734 (1991); *State v. Green,* 301 S.C. 347, 392 S.E.2d 157, *cert. denied,* 498 U.S. 881, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990); *State v. Middlebrooks,* 840 S.W.2d 317 (Tenn.1992); *State v. Traylor,* 170 Wis.2d 393, 489 N.W.2d 626 (Wis.App.1992).

We now choose to follow the pattern established in this very substantial number of jurisdictions. We hold that partiality of a juror may not be made the basis for reversal in instances in which that juror has been removed through exercise of a peremptory challenge. Any claim that the jury that did serve in the case was not impartial must be based on matters that appear of record. Prejudice will no longer be presumed from the fact that the defendant has been forced to waste a peremptory challenge.

■ Based on the standard that we now adopt, the showing made by defendant is insufficient to warrant a reversal based on juror prejudice. Only one other juror in addition to Bonnie Brandt was shown in the *voir dire* examination to believe that her impartiality might be difficult as a result of reading newspaper accounts. That juror also was removed by exercise of a peremptory challenge.

## II. *Other Issues.*

The defendant also urged other grounds for reversal that the court of appeals did not consider. These include claims involving (1) denial of a motion for change of venue, (2) insufficiency of the evidence to support the verdict, and (3) ineffective assistance of counsel.

■ As to the claim involving a change of venue, we do not find that the pretrial publicity relied on as a basis for this contention was other than routine reporting of crime news and judicial proceedings. The publicity was much less than that involved in *State v. Harris,* 436 N.W.2d 364 (Iowa 1989), in which we determined that a change of venue was not required. Although the *voir dire* examination of the prospective jurors in the present case revealed that several jurors had read newspaper accounts of the crime and the reporting of the Oltrogge trial, further examination of these jurors did not indicate that an impartial jury could not be selected.

■ In reviewing defendant's claim of insufficiency of the evidence, we are confronted with a sharp contrast between the testimony of the victim and that of the defendant. Defendant claimed that the victim was a prostitute and that the sex acts in question were for hire and thus consensual. The jury was not required to believe the defendant's testi-

mony, however, and the victim's testimony plus the physical evidence of substantial injury to her person was more than adequate to permit a finding that the sex acts in question were not consensual.

Although the jury failed to find that defendant used a firearm in the commission of the crime, use of a dangerous weapon is only one way in which second-degree sexual abuse may be committed. It may also be committed by creating a substantial risk of death or serious injury to the victim, or by being aided and abetted by other persons in committing the offense. There was evidence that the victim received substantial blows to the head that broke bones in her face. There was also evidence that other participants aided in the commission of the offense. The evidence as a whole was more than adequate to support the verdict of the jury concerning defendant's guilt of the offense charged.

■ As a final matter, we have reviewed defendant's claim that he received ineffective assistance from his trial counsel. The instances in which he challenges counsel's performance are many and include failure to file a motion to suppress evidence, failure to object to testimony of postarrest conduct, failure to make additional challenges for cause to prospective jurors other than Bonnie Brandt, and a failure to renew the motion for change of venue at the conclusion of *voir dire.*

■ We find that the contention based on failure to renew the motion for change of venue is without merit and affords the defendant no basis for relief. We also find no merit in the contention involving the absence of additional challenges for cause. We believe the remaining contentions are matters that may only be properly determined on a factual record in which the reason for failure to take certain procedural steps may be explored through testimony and cross-examination. Consequently, resolution of those ineffective-assistance-of-counsel issues must be relegated to an application for postconviction relief.

We have considered all issues presented and conclude that the decision of the court of appeals should be vacated. The judgment of the district court is affirmed.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**