# IN THE COURT OF APPEALS OF IOWA

No. 13-0674
Filed December 24, 2014

**LUCAS JACKSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

Lucas Jackson appeals the denial of his application for postconviction relief. **AFFIRMED.**

Thomas P. Graves of Graves Law Firm, P.C., Clive, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Cox, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Lucas Jackson was convicted of several drug-related offenses after a large quantity of methamphetamine was discovered in a search of his girlfriend's apartment. This court affirmed his convictions on direct appeal. *State v. Jackson*, No. 11-0524, 2012 WL 664525, at *6 (Iowa Ct. App. Feb. 29, 2012). Jackson then filed an application for postconviction relief (PCR), alleging his trial and appellate counsel were ineffective. This appeal follows the denial of those claims.

We review ineffective-assistance-of-counsel claims de novo. *See Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014). In order to establish ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence that "(1) [counsel] failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* at 28. To establish the first prong of the test, Jackson must show his attorney's performance fell below the standard of a "reasonably competent attorney." *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013). In order to establish the second prong, Jackson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.*

Jackson contends his trial attorney was ineffective in failing to move to suppress the evidence seized from the search of his girlfriend's residence on two grounds. First, he argues his girlfriend's consent to search the residence was not voluntary because it was induced with promises of leniency. Second, he argues his girlfriend lacked authority to consent to the search of his property that was found inside her apartment.

Because Fourth Amendment rights are personal, a defendant must show "a legitimate expectation of privacy in the particular area searched or the particular objects seized" in order to assert a Fourth Amendment violation during the search of a third party's property. *State v. Lowe*, 812 N.W.2d 554, 566-67 (Iowa 2012). The flaw in Jackson's argument is that he never claimed any expectation of privacy at his girlfriend's apartment. In fact, Jackson claimed to have no interest in the apartment, denying he resided there or that any of the possessions within belonged to him. Jackson could not assert standing to challenge a search of a third party's residence while denying he had any possessory interest to the residence or any of its contents. Therefore, counsel was not ineffective in failing to move to suppress on this basis.

Jackson also contends his trial counsel was ineffective in not seeking a mistrial for juror bias or misconduct after the jury foreperson alerted the parties that another juror's stepson had died of a drug overdose. We reject his claim. "Any claim that the jury that did serve in the case was not impartial must be based on matters that appear of record." *State v. Neuendorf*, 509 N.W.2d 743, 747 (Iowa 1993). There is nothing in the record to suggest the juror in question could not be impartial given the effect drug use had on that juror's family. Jackson concedes the outcome of moving for a mistrial is uncertain, which falls short of the required showing of a "reasonable probability" the outcome would have been different had his attorney acted competently. Counsel was not ineffective in failing to move for a mistrial.

Because Jackson has failed to prove ineffective assistance of trial counsel, he cannot show appellate counsel had a duty to raise these ineffectiveness claims on direct appeal. Accordingly, we affirm.

**AFFIRMED.**