# IN THE COURT OF APPEALS OF IOWA

No. 14-2126
Filed May 25, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DALE D. MORROW JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.

A defendant appeals his conviction for possession of cocaine with intent to deliver. **AFFIRMED**.

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Dale Morrow raises two issues in this appeal from his conviction for possession of crack cocaine with intent to deliver. First, he argues the district court wrongly granted the prosecutor's motion to strike a potential juror for cause. Because Morrow did not secure a ruling from the district court on the juror challenge under Iowa Rule of Criminal Procedure 2.18(5)(k), he failed to preserve this claim for appeal. Second, he contends he received ineffective assistance of counsel because his trial attorney failed to seek a continuance to subpoena an absent witness. Because the record is inadequate to decide this issue, we preserve it for a possible postconviction proceeding.

**Prior Proceeding.** Morrow appeared for a jury trial in Des Moines County on October 7, 2014. The parties waived reporting of jury selection. But about forty minutes into the process, the court went on the record in chambers to address the prosecutor's motion to strike potential juror N.D. Although the State was not exercising a peremptory challenge, the court stated it was giving defense counsel an opportunity for a "*Batson*[1] record." The court noted that Morrow and N.D. were both African Americans.

The prosecutor recapped the exchange she had previously had with N.D. in which the potential juror indicated she was acquainted with Morrow but that their friendship would not necessarily affect N.D.'s judgment in the case. But N.D. also told the prosecutor N.D. knew Burlington Police Officer Blake Cameron, an expected witness for the State. N.D. explained Officer Cameron

---

[1] In *Batson v. Kentucky,* 476 U.S. 79, 89 (1986), the court held a prosecutor may not use peremptory strikes to challenge potential jurors solely on account of their race.

had carried out a drug raid at her house about one year earlier. N.D. acknowledged feeling biased against the police officer because of the raid on her house and said she didn't know if she could overcome that bias when listening to the evidence. When questioned by defense counsel, N.D. said she would try to be fair to both sides if instructed to do so by the judge. But when the judge asked N.D. what she would do when Officer Cameron testified, N.D. replied: "I wouldn't believe him." The potential juror said she didn't think she could set aside her opinion of the officer even if instructed to do so by the court.

At this point, the State argued it had met its burden to show N.D. should be removed for cause because she professed an inability to set aside her negative feelings concerning a key witness for the State. Defense counsel responded, "[I]t is rare to have black jurors sit on juries in Des Moines County, and I will share that my black clients in the past have expressed frustration" over that aspect of the system. Counsel continued, "[S]o we would certainly urge that black jurors only be removed from the panel for the most compelling reasons." Defense counsel then argued N.D.'s answers were ambiguous and N.D. did state she believed she could be fair to both sides.

While defense counsel may have led the district court astray by inserting the issue of race, at the core of their arguments both parties seemed to be addressing a challenge for cause governed by rule 2.18(5)(k).[2] But the court superimposed the criteria from *Batson* and *State v. Veal*, 564 N.W.2d 797, 807

---

[2] A challenge to an individual juror may be made for the following causes: "k. Having formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent the juror from rendering a true verdict upon the evidence submitted on the trial." Iowa R. Crim. P. 2.18(5)(k).

(Iowa 1997) governing peremptory challenges. The court stated the defense must first establish a prima facie case of purposeful discrimination by the State, and then the burden shifts to the State to provide a race-neutral reason for challenging the potential juror. The court agreed with defense counsel that it would be frustrating for African-American defendants not to have "members of their race on the jury." Still, the court highlighted the unusual circumstance of potential juror N.D. having one of the investigating officers in Morrow's case conduct a drug raid at her house within the past year. The court concluded N.D.'s "preconceived determination that Officer Cameron would not tell the truth is a race-neutral reason justifying [N.D.] being struck from this panel."

**Standard of Review and Error Preservation.** The test to be applied in ruling on challenges for cause under rule 2.18(5)(k) is "whether the juror holds such a fixed opinion on the merits of the case that he or she cannot judge impartially the guilt or innocence of the defendant." *State v. Neuendorf*, 509 N.W.2d 743, 746 (Iowa 1993). We review a district court's grant of a motion to strike a potential juror for cause under an abuse-of-discretion standard. *See State v. Grove*, 171 N.W.2d 519, 520 (Iowa 1969) ("Actually the trial court has considerable discretion in acting on challenges to prospective jurors."); *see also State v. Moore*, 469 N.W.2d 269, 270 (Iowa Ct. App. 1991) (noting the State is entitled to same "fair opportunity" to present its case).

But in this case, the district court erroneously analyzed the motion to strike N.D. as a *Batson* contest and not as a for-cause challenge under the rule. *See United States v. Elliott*, 89 F.3d 1360, 1364-65 (8th Cir. 1996) ("*Batson* applies only to peremptory strikes. We know of no case that has extrapolated the *Batson*

framework to for-cause strikes. There is simply no legal basis for this argument, which fails to recognize that peremptory strikes, for which no reasons need be given (absent a *Batson* challenge), are different from challenges for cause, which by definition require a showing of cause."); *but see State v. Riddley*, 776 N.W.2d 419, 431 (Minn. 2009) (acknowledging "a rare case" could arise where an extension of *Batson* might be appropriate if "the facts undoubtedly suggest that the prosecutor has challenged for cause a juror for racially discriminatory reasons, and the trial court has erred in granting the motion").

In concluding the prosecutor provided a "race-neutral reason" for striking N.D., the district court did not reach the question whether the State's rationale met the criteria under the rule to challenge a potential juror for cause. *See Batson*, 476 U.S. at 97 (holding "prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause"). Because Morrow did not secure a ruling on the ground he advances on appeal, we have nothing to review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**No Abuse of Discretion.** Even if we consider error to be preserved, we find no abuse of discretion in the court's grant of the State's request to strike potential juror N.D., who considered Morrow to be a friend and "would see him in passing many times during a week." *See Moore*, 469 N.W.2d at 273 (upholding challenge for cause when juror was related to defendant by marriage and would occasionally have coffee with his mother). But even more critically, N.D. candidly told the court she felt biased against Officer Cameron because he had been

involved in a drug raid of her house within the past year and she would not believe his testimony. She confirmed she would not be able to set aside her predisposition even if instructed by the court to do so. A person holding such a preconceived and rigid view of the veracity of a key witness could not judge impartially the guilt or innocence of the defendant and may be struck for cause. *See* Iowa R. Crim. P. 2.18(5)(k); *see also State v. Faucher*, 596 N.W.2d 770, 786 (Wis. 1999) (finding potential juror with strongly held beliefs that a witness was credible should have been struck for cause).

**No Prejudice Shown.** Even if the district court did abuse its discretion in allowing the State to strike juror N.D. for cause, Morrow does not assert how he was prejudiced by her removal from the pool of prospective jurors. Our court has not presumed prejudice from erroneous exclusion. *See State v. Sandoval*, No. 05-0426, 2006 WL 3018152, at *3 (Iowa Ct. App. Oct. 25, 2006) (citing *Summy v. City of Des Moines*, 708 N.W.2d 333, 339 (Iowa 2006)). Rather, the defendant must show the court's actions resulted in the seating of a partial juror. *See id.*; *see also Neuendorf*, 509 N.W.2d at 746. Here, Morrow makes no such showing.

**Ineffective Assistance of Counsel.** Morrow also claims his trial attorney was remiss in not asking for a continuance to subpoena a witness by the name of Christal McClendon. Our review of his claim is de novo. *State v. Oetken*, 613 N.W.2d 679, 683 (Iowa 2000). To prevail, he must show counsel failed to perform an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

At the close of the defense case, counsel told the court he expected to call McClendon as a witness, but she did not appear at his office to accept service on the subpoena and she did not appear at the time designated for her trial testimony. On appeal, Morrow acknowledges we do not know what her testimony would have been. The State contends Morrow cannot show securing her testimony would have resulted in a reasonable probability of a different outcome given the evidence he was carrying $800 worth of crack cocaine and $672 in cash on his person when he was arrested. Morrow took the position at trial the drugs were for his personal use.

Generally we preserve ineffective-assistance claims for postconviction proceedings. *State v. Buck*, 510 N.W.2d 850, 853 (Iowa 1994). We may resolve such claims on direct appeal only if we have an adequate record. *Id.* We conclude this record is insufficient to address the witness issue and preserve it for possible postconviction proceedings.

**AFFIRMED.**