# IN THE COURT OF APPEALS OF IOWA

No. 16-2011
Filed February 7, 2018

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**DERRICK JAY SHAFER,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Mahaska County, Lucy J. Gamon, Judge.

　　　Derrick Shafer appeals his conviction for sexual abuse in the second degree. **AFFIRMED.**

　　　Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

　　　Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

Derrick Shafer appeals his conviction for sexual abuse in the second degree. On appeal, he claims the trial court erred in failing to grant a motion to strike a juror for cause. Asserting he had to use a peremptory challenge to strike the juror, he claims prejudice should be presumed in such circumstances and that he is therefore entitled to a new trial.

Our supreme court has held that "[p]rejudice will no longer be presumed from the fact that the defendant has been forced to waste a peremptory challenge." *State v. Neuendorf*, 509 N.W.2d 743, 747 (Iowa 1993). Shafer requests *Neuendorf* be overruled. As an intermediate appellate court, we do not possess the power to overturn that court's rulings. *See, e.g., State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). Furthermore, our supreme court recently stated, "*Neuendorf* remains good law." *State v. Jonas*, 904 N.W.2d 566, 583 (Iowa 2017).[1]

We need not determine whether the district court acted within its discretion in denying Shafer's motion to strike the prospective juror for cause, for

> in order to show prejudice when the district court improperly refuses to disqualify a potential juror under Iowa Rule of Criminal Procedure 2.18(5)(*k*) and thereby causes a defendant to expend a peremptory challenge under rule 2.18(9), the defendant must specifically ask the court for an additional strike of a particular juror after his peremptory

---

[1] *Jonas* was decided after the parties had filed their appellate briefs.

challenges have been exhausted.  Where the defendant makes such a showing, prejudice will then be presumed.

*Id.*  Shafer did not identify an additional juror who the defense sought to remove from the jury through the exercise of an additional peremptory challenge.  As a result, the actual prejudice test of *Neuendorf* controls.  *See id.*  Shafer admits he can make no showing of actual prejudice.  Consequently, Shafer cannot succeed in this appeal.

**AFFIRMED.**