# IN THE COURT OF APPEALS OF IOWA

No. 17-0661
Filed May 2, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CARLOS HERNANDEZ VENTURA,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Dallas County, Paul R. Huscher,

Judge.


The defendant appeals from his three convictions for first-degree murder.

**AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Benjamin M. Parrott, Assistant

Attorney General, for appellee.


Considered by Vaitheswaran, P.J., Potterfield, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**POTTERFIELD, Judge.**

Carlos Hernandez Ventura appeals from his three convictions for first-degree murder. On appeal, Hernandez Ventura maintains the district court abused its discretion in denying his motion to strike a juror for cause. He also maintains the district court erred in refusing to instruct the jury on the defense of necessity and that the instruction informing the jury the defense of compulsion was not available to him should have included language that evidence relevant to that defense may still be relevant to other issues in the case.

*Motion to Strike.* During voir dire, Hernandez Ventura challenged for cause a potential juror on the grounds the potential juror could not be fair and impartial toward him. *See* Iowa R. Crim. P. 2.18(5)(k) (allowing either the State or the defendant to challenge a juror for cause when the potential juror has "formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent the juror from rendering a true verdict upon the evidence submitted at trial"). The district court denied Hernandez Ventura's motion, ruling:

> I think the question is whether or not a juror has a—not whether they have a preconceived opinion, but whether they have a preconceived opinion that they cannot lay aside.
> And I think [the potential juror] has indicated that she believes she can listen to the evidence in the case and make a decision based on the evidence and the instructions of the court.

Defense counsel ultimately used a peremptory strike to remove the juror from the panel. Hernandez Ventura asks us to revisit our supreme court's ruling in *State v. Neuendorf*, 509 N.W.2d 743, 747 (Iowa 1993), in which the court overruled the longtime historical precedent of presuming prejudice from the fact that the defendant has been forced to waste a peremptory challenge. Following

*Neuendorf*, "[t]he search for legal prejudice must therefore focus on the potential for prejudice that flowed from forcing defendant to use a peremptory challenge on [the challenged juror] that might have been used to remove another juror." 509 N.W.2d at 746. It is up to the defendant to "make some factual showing that this circumstance resulted in a juror being seated who was not impartial." *Id.*

While we are not at liberty to revisit precedent, our supreme court recently revisited *Neuendorf* in *State v. Jonas*, 904 N.W.2d 566, 583–84 (Iowa 2017). In *Jonas,* the court ruled that when the district court abuses its discretion by improperly refusing "to disqualify a potential juror under Iowa Rule of Criminal Procedure 2.18(5)(k) and thereby causes a defendant to expend a peremptory challenge under rule 2.18(9), the defendant must specifically ask the court for an additional strike of a particular juror after his peremptory challenges have been exhausted." 904 N.W.2d at 583. When the defendant does so, "prejudice will then be presumed." *Id.* However, "where a judge improperly denies a challenge for cause but the defendant does not specifically ask for an additional peremptory challenge of a particular juror after exhausting his peremptory challenges," *Neuendorf* remains good law. *Id.*

Here, even if we assume without deciding that the district court's denial of Hernandez Ventura's for-cause challenge was an abuse of discretion, Hernandez Ventura is not entitled to a new trial. First, Hernandez Ventura did not have the benefit of *Jonas's* requirement of requesting an additional peremptory strike at the time of his trial and did not ask for an additional peremptory challenge after his had

been exhausted.[1] Thus, we apply the *Neuendorf* standard and do not presume prejudice. In order to obtain relief, Hernandez Ventura has the burden to establish "that the jury that did serve in the case was not impartial . . . based on matters that appear o[n] record." *Neuendorf*, 509 N.W.2d at 747. Hernandez Ventura concedes he cannot establish prejudice under this standard.

*Jury Instructions.* Hernandez Ventura makes a two-part challenge to the jury instructions. First, he maintains the district court was in error in denying his request to instruct the jury on the defense of necessity. Second, he claims that the instruction informing the jury the defense of compulsion was not available to him should have included language that evidence relevant to that defense may still be relevant to other issues in the case.

We review the district court's refusal to give a jury instruction for correction of errors at law. *See Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). This is our standard because "Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions." *Id.*

We consider Hernandez Ventura's argument about the necessity-defense instruction first. "Ordinarily, the district court must instruct on a defendant's theory of defense provided the defendant makes a timely request, the requested theory of the defense instruction is supported by the evidence, and the requested

---

[1] We are unconcerned that *Jonas* was decided after Hernandez Ventura's trial but before his appeal, as we apply the same test in either situation. Before *Jonas*, Hernandez Ventura had the burden to establish that his jury was not impartial to create a presumption of prejudice under *Neuendorf*. After *Jonas*, because Hernandez Ventura did not request the additional peremptory strike, we still apply the actual prejudice test of *Neuendorf*.

instruction is a correct statement of the law." *State v. Ross*, 573 N.W.2d 906, 913 (Iowa 1998). "[T]he defendant has the burden of generating a fact question on the defense." *State v. Walton*, 311 N.W.2d 113, 115 (Iowa 1981). "If all the requirements of the defense are not addressed in the defendant's evidence, [the] trial court is not obligated to submit the issue to the jury." *Id.* In determining whether the defense should be submitted to the jury, we must consider the following factors: "(1) the harm avoided, (2) the harm done, (3) the defendant's intention to avoid the greater harm, (4) the relative value of the harm avoided and the harm done, and (5) optional courses of action and the imminence of disaster." *Id.*

Here, we agree with the district court that Hernandez Ventura had not created a fact question sufficient to submit the theory to the jury. "The necessity defense does not apply except in emergency situations where the threatened harm is immediate and the threatened disaster imminent." *Id.* Even if we credit Hernandez Ventura's testimony, he was approached by Daniel Leake on the evening of Friday, October 28 and told that if he did not kill his girlfriend, Lourdes Leake; her daughter, Melany Baraza; and their landlord, Juan Jimenez Tejada, Daniel would kill Hernandez Ventura's family in Virginia. Hernandez Ventura then thought about what to do for a full day—twenty-four hours—before killing the three people. Because there were many options he could have availed himself of during that time, we cannot say this is a situation where "[t]he defendant [was] stripped of options by which he . . . might avoid both evils." *Id.* Thus, the district court did not err in refusing to instruct the jury on the necessity defense.

Next, we consider Hernandez Ventura's claim that the district court erred in refusing to include in the instruction that informed the jury that a defense of compulsion was not applicable language that evidence relevant to the defense of compulsion may be relevant to other issues in the case. Based on his request for the additional language, Hernandez Ventura was concerned the jury would read the instruction saying the compulsion defense was not available, "therefore, he is guilty. And move on." As we understand this argument, he was concerned the instructions would shift the burden of proof. But the trial court is not required to use the language or wording suggested by the parties. *Knauss v. City of Des Moines*, 357 N.W.2d 573, 577 (Iowa 1984). And here, considering the jury instructions as a whole, *see State v. Tipton*, 897 N.W.2d 653, 694 (Iowa 2017), the jury was properly instructed that Hernandez Ventura was presumed innocent and it was the State's burden to overcome that presumption. Thus, we cannot say the district court erred in refusing to include the additional language Hernandez Ventura requested.

**AFFIRMED.**