# IN THE COURT OF APPEALS OF IOWA

No. 18-2015
Filed November 6, 2019

**STEPHEN CARL BRODERSEN, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Floyd County, James M. Drew, Judge.

Applicant appeals the denial of his postconviction-relief application. **AFFIRMED.**

Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

A jury found Stephen Broderson guilty of third-degree sexual abuse. In his direct appeal, he argued the district court inappropriately admitted hearsay testimony. *See State v. Broderson*, No. 16-2054, 2017 WL 4049527, at *1 (Iowa Ct. App. Sept. 13, 2017). This court affirmed. *Id.* at *2.

Broderson filed a postconviction-relief (PCR) application. The district court dismissed his application. He now appeals.

Broderson claims his trial counsel was ineffective in three ways. "A claim of ineffective assistance of counsel requires a de novo review because the claim is derived from the Sixth Amendment of the United States Constitution." *Bowman v. State*, 710 N.W.2d 200, 204 (Iowa 2006). An ineffective-assistance-of-counsel claim has two prongs. Both must be proven by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). First, "the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Second, "the applicant must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 143 (quoting *Strickland*, 466 U.S. at 694).

Broderson first argues trial counsel was ineffective for objecting to the testimony of a sexual-assault nurse examiner instead of conducting voir dire of the witness outside the presence of the jury. He claims the "rigorous argument regarding the admissibility of evidence" following counsel's objections heightened the importance of the testimony in the jury's minds. But Broderson does not

demonstrate that counsel's objections fell "below the standard demanded of a reasonably competent attorney." *Id.* at 142. So his first claim fails. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("A defendant's inability to prove either element is fatal.").

Broderson next claims counsel was ineffective for failing to seek dismissal of the entire jury because two prospective jurors knew about Broderson's past crime.[1] During jury selection, prospective jurors were asked if they had any knowledge about the case. Two indicated they did. Each was questioned individually in a separate room.

The first prospective juror knew of Broderson's past crime from a news story. She admitted to the court she could not be impartial. But she told the court she had not talked with anyone else about the matter. The court excused her, and she immediately left.

The second prospective juror also indicated she knew of Broderson's past crime from a news story. After questioning by the State and the defense, Broderson's trial counsel asked the court excuse her for cause. The court denied this request. Nonetheless, this prospective juror was not seated because Broderson's trial counsel used a preemptory strike to exclude her from the jury. *See State v. Neuendorf*, 509 N.W.2d 743, 747 (Iowa 1993) ("We hold that partiality of a juror may not be made the basis for reversal in instances in which that juror has been removed through exercise of a peremptory challenge. Any claim that the

---

[1] Broderson was convicted and sentenced in Maine for the murder of his mother.

jury that did serve in the case was not impartial must be based on matters that appear of record.").

We do not believe these circumstances required counsel to request dismissal of the entire jury. Moreover, although Broderson asserts *Strickland* "prejudice is clear," we see no evidence to support this assertion. Neither of these potential jurors were seated with the jury. And Broderson provides no evidence either prospective juror tainted the jury panel. *See id.* at 746 ("In the absence of some factual showing that this circumstance resulted in a juror being seated who was not impartial, the existence of prejudice is entirely speculative."). So Broderson has not met his burden, and this claim also fails.

Finally, Broderson alleges counsel was ineffective for allowing his past crime to come into evidence through the alleged victim's testimony. Trial counsel filed a motion in limine to exclude Broderson's criminal record and prior bad acts. But the State argued the information was pertinent to show why the victim did not physically resist. The district court concluded the probative value of the evidence outweighed its prejudicial effect. Still, the district court limited the evidence by allowing the victim to testify only that Broderson told her he stabbed his mother and was convicted for a crime related to that incident.

When the victim began to testify about the crime, trial counsel immediately objected. Outside the presence of the jury, counsel argued the victim had exceeded the court's limitations. She also moved for a mistrial. The district court disagreed and denied the motion.

Although Broderson asserts counsel "was ineffective to allow the testimony in," he does not show what more counsel could have done. He does not

demonstrate how trial counsel fell below the reasonableness standard. *See Ledezma*, 626 N.W.2d at 142. So we find Broderson has not proven this claim either.

Like the district court, we find Broderson has failed to prove any of his ineffective-assistance claims. So we affirm the dismissal of his PCR application.

**AFFIRMED.**