# IN THE COURT OF APPEALS OF IOWA

No. 22-0006
Filed January 11, 2023

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**SHEWARENCE D. GIBBS,**
  Defendant-Appellant.
_____

  Appeal from the Iowa District Court for Linn County, Russell G. Keast, District Associate Judge.

  The defendant appeals his convictions of assault causing bodily injury (domestic abuse with penalty enhanced) and harassment in the third degree. **DISTRICT COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED WITH DIRECTIONS.**

  Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

  Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

  Considered by Vaitheswaran, P.J., Ahlers, J., and Blane, S.J.*

  *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BLANE, Senior Judge.**

## I. Introduction.

The State charged Shewarence Gibbs with assault causing bodily injury (domestic abuse with penalty enhanced) in violation of Iowa Code section 708.2A(3)(b) (2021), and harassment in the first degree in violation of Iowa Code sections 708.7(1)(b) and 708.7(2)(a)(1). He pled not guilty, and trial was held on November 22 and 23, 2021. The jury returned guilty verdicts, on count I, for assault causing bodily injury (domestic abuse with penalty enhanced),[1] and, on count II, for the lesser-included offense of harassment in the third degree.[2] After the court denied Gibbs' motion for new trial, it sentenced him to 150 days jail, with all but thirty days suspended, a two-year term of supervised probation, fines of $855 on count I and $105 on count II, a crime services surcharge of 15%, and a domestic abuse surcharge of $90.

Gibbs appeals his convictions. He argues the district court erred by excusing a potential juror for cause when the State did not establish a qualifying basis, denying Gibbs' motion for mistrial based on the prosecutor's comments during closing argument, submitting a verdict-urging instruction to the jury, and applying the wrong standard in denying Gibbs' motion for new trial. We affirm in part, reverse in part, and remand with directions.

As this appeal concerns primarily issues involving trial proceedings, the background facts and proceedings will be set forth under each division.

---

[1] Gibbs stipulated to his prior conviction for domestic abuse assault and imposition of the enhancement.

[2] The supreme court granted Gibbs' application for discretionary review of this simple misdemeanor conviction. *See* Iowa Code § 814.6(2)(d).

## II. Analysis.

### A. Excusing potential juror.

During jury selection, a potential juror disclosed he had been represented by Gibbs' defense counsel seven years earlier on a charge of domestic abuse assault, which was resolved by a guilty plea. The State moved to strike for cause based on "the prior relationship with [defense counsel] and the important nature of that representation" and the potential juror's "reservations about being able to find guilty or not guilty in a case like this similar to the situation of his own." Defense counsel resisted arguing that the potential juror said he would render a verdict and would "do his best to be a good juror." The court granted the State's motion because of defense counsel's representation of the potential juror in a similar case that gave rise to "familiarity [which] would create a prejudice to the State at the onset and justify the challenge for cause."[3]

We review a district court's ruling on a challenge for cause for abuse of discretion. *State v. Jonas*, 904 N.W.2d 566, 570–71 (Iowa 2017). "An abuse occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Tipton*, 897 N.W.2d 653, 690 (Iowa 2017) (citation omitted). The district court enjoys broad discretion in making such rulings because trial judges must rule on juror disqualification "on the spot and in real time." *Jonas*, 904 N.W.2d at 574. We

---

[3] Although the potential juror also stated reservations about finding a person "guilty or not guilty" in a domestic abuse case like his own and discomfort at "sealing [the defendant's] fate, him going to jail or not going to jail," the court ultimately rested its decision on the juror's familiarity with defense counsel. So we do not discuss his additional statements.

review the interpretation of Iowa Rule of Criminal Procedure 2.18 for errors at law. *State v. Mootz*, 808 N.W.2d 207, 214 (Iowa 2012).

Gibbs argues rule 2.18(5) lists the grounds to excuse a potential juror for cause and neither prior representation by the defendant's attorney nor previously being charged with a similar crime constitute cause to excuse a potential juror under rules 2.18(5)(k) and (m). The State contends the record supports the court excusing the panelist for cause under rule 2.18(5)(k), excusing jurors who have already formed an opinion.[4]

There appears to be conflicting authority on whether the challenge should have been granted. *Compare State v. Wright*, 182 N.W. 385 (Iowa 1921) (trial court did not err in overruling a challenge for cause where it appeared on examination by defendant's counsel that juror was a client of one of the attorneys for the prosecution, and was then in his employ, although defendant's peremptory challenges were already exhausted) *and State v. Hatter*, 381 N.W.2d 370 (Iowa Ct. App. 1985) (trial court should have sustained challenge for cause in prosecution for first-degree kidnapping and sexual abuse to juror who was rape victim, even though juror did not clearly file criminal complaint so as to be subject

---

[4] Rule 2.18(5) provides a "challenge for cause may be made . . . for any of the following cases" and includes:

> k. Having formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent the juror from rendering a true verdict upon the evidence submitted on the trial[, or]
> . . . .
> m. Because the juror is a defendant in a similar indictment, or complainant against the defendant or any other person indicted for a similar offense.

to challenge for cause under rule [Iowa Court Rule § 813.2, then rule 17.5(m)] permitting challenge to complainant on similar offense.).

Still, a defendant must not only establish the court erred in granting a motion to excuse for cause, but must also prove such ruling prejudiced the defendant. S*ummy v. City of Des Moines*, 708 N.W.2d 333, 339 (Iowa 2006), *overruled on other grounds by Alcala v. Marriott Int'l Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016) ("We do not presume prejudice when the erroneous exclusion of a juror occurs."). To establish prejudice Gibbs must show that a juror who was not impartial and competent was empaneled instead of the excused venireman. *Id.* ("A party claiming prejudice must establish that the resulting jury was not impartial and competent . . . . Prejudice from the erroneous exclusion of a juror will not be presumed."). Our court has applied this holding in numerous cases. *See, e.g.*, *State v. Booker*, No 20-1551, 2022 WL 468725, at *4 (Iowa Ct. App. Feb. 16, 2022); *State v. McCunn*, No. 19-1649, 2022 WL 468736, at *7–8 (Iowa Ct. App. Feb. 16, 2022) ("After [*State v.*] *Neuendorf* [509 N.W.2d 743, 747 (Iowa 1993)], the presumption of prejudice no longer applies; the defendant must show (1) an error in the court's ruling on the challenge for cause; and (2) either (a) the challenged juror served on the jury, or (b) the remaining jury was biased as a result of the defendant's use of all of the peremptory challenges."(citation omitted)); *State v. Morrow*, No. 14-2126, 2016 WL 3003355, at *3 (Iowa Ct. App. May 25, 2016). Gibbs fails to show the requisite prejudice.

Recognizing this is the case, Gibbs takes his argument one step further. Citing *Mootz*, he argues, "This Court should reconsider that [prejudice] approach" and asks the court to "hold that prejudice results when a district court erroneously

dismisses a potential juror for cause, because the State is effectively granted more power than the defendant to shape the jury through the use of peremptory strikes." However, we have found, "As an intermediate appellate court . . . we must follow the precedents of the Iowa Supreme Court." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Gibbs has not established the prejudice requirement and thus has not established an abuse of discretion by the trial court.

### B. Motion for mistrial.

During closing argument, the prosecutor argued that Gibbs had not called witnesses to corroborate his testimony of what happened. Defense counsel objected that the argument impermissibly shifted the burden of proof, and the court sustained the objection. When argument resumed the prosecutor again pointed to the lack of corroborating testimony. Gibbs' counsel objected a second time. The court excused the jury, and Gibbs' counsel moved for a mistrial. The court confirmed its earlier ruling that it was "inappropriate for the State to comment on the lack of evidence produced by the defendant" but denied the motion for mistrial stating, "the comments are minimal and the Court will address those comments with the jury and remind the jury the burden remains on the State the entire time." The prosecutor asked if he could argue that there was no evidence corroborating Gibbs' testimony, and the court responded that "[t]he State may comment on the evidence that is presented before the jury. The State may not comment on the evidence the defendant did not present." When the jury returned, the prosecutor said "[a]s I was saying, in this case there's no other evidence that corroborates that story. All we have is his word."

We note that Gibbs' counsel neither objected to this last comment by the prosecutor nor renewed his motion for mistrial. Therefore, our review at this time is limited to what transpired leading up to the court's ruling on defense counsel's motion for mistrial. *State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011) ("Based on the exchange quoted above, the district court had no reason to believe that [defendant] wanted anything further done with respect to the prosecutor's improper question.").

Trial courts have broad discretion in ruling on claims of prosecutorial misconduct and we review such rulings for an abuse of discretion. *State v. Plain*, 898 N.W.2d 801, 810–11 (Iowa 2017). We review denials of a mistrial and the giving of a cautionary instruction for an abuse of discretion. *Id.* at 816.

Gibbs contends the prosecutor's statements constituted either misconduct or error, which mandated a mistrial, and the trial court erred in finding the comments were not prejudicial in denying his motion for mistrial. The district court held that the prosecutor's two burden-shifting comments were improper. *State v. Hanes*, 790 N.W.2d 545, 556 (Iowa 2010) ("It is improper for the State to shift the burden to the defense by suggesting the defense could have called additional witnesses.").

Assuming the prosecutor's conduct was objectionable, to be a basis for mistrial the conduct must be "so prejudicial that its effect upon the jury could not be erased by the trial court's admonition." *State v. Christensen*, 929 N.W.2d 646, 659 (Iowa 2019). The conduct must be "so prejudicial as to deprive the defendant of a fair trial." *State v. Bowers*, 656 N.W.2d 349, 355 (Iowa 2002) (quoting *State v. Anderson*, 448 N.W.2d 32, 33 (Iowa 1989)). In determining prejudice, we look

at several factors within the context of the entire trial. We consider "(1) the severity and pervasiveness of the misconduct; (2) the significance of the misconduct to the central issues in the case; (3) the strength of the State's evidence; (4) the use of cautionary instructions or other curative measures; and (5) the extent to which the defense invited the misconduct." *State v. Graves*, 668 N.W.2d 860, 877 (Iowa 2003).

In weighing the *Graves* factors, only the first four apply here. The trial judge found the prosecutor's objected-to comments in closing arguments to be "minimal," thus not severe or pervasive, or significant to the central issue. The State's evidence was supported by two other witnesses in addition to the complaining witness. Finally, the court gave a curative instruction to the jury that emphasized "the burden remains on the State the entire time" neutralizing the prosecutor's argument. Under this record, we find that Gibbs received a fair trial. The trial court properly addressed the situation and determined a curative jury instruction resolved the matter. We find no abuse of discretion.

### C. Submission of a verdict-urging instruction to the jury.

After two and one-half hours of deliberations, the jury sent a note to the court that it was deadlocked and had no hope of reaching a unanimous verdict. The court proposed a verdict-urging instruction commonly called an "Allen charge."[5] The State agreed while Gibbs' counsel objected. The court overruled the objection, submitted to the jury the verdict-urging instruction, and the jury returned its guilty verdicts.

---

[5] That instruction is named after the United States Supreme Court case, *Allen v. United States*, 164 U.S. 492 (1896).

"[W]e generally review a district court's refusal to give a requested jury instruction for errors at law; however, if the jury instruction is not required but discretionary, we review for an abuse of discretion." *State v. Davis*, 975 N.W.2d 1, 18 (Iowa 2022). As an "Allen charge" is not required, our review is for abuse of discretion. Appellate review focuses on whether the giving of the verdict-urging instruction was coercive under the context and circumstances based on "the content of the verdict-urging instruction," "the timing surrounding the verdict," and "responses from juror polling." *Id*. Gibbs does not challenge the content. The jury was not polled. His argument is to the timing.

Our supreme court has consistently upheld giving a verdict-urging instruction. Most of the challenges have been to particularly coercive language, which the court has weeded out. The "Allen charge" given in this case does not contain the offensive language, and Gibbs does not challenge its content. Rather, he argues the jury sent out its note to the judge that it was deadlocked after deliberating from 10:30 a.m. to 1:00 p.m. The court held a hearing on the note at 1:36 p.m., and submitted the verdict-urging instruction. The jury returned its verdict at 2:30 p.m., showing the jury deliberated for another forty-five or so minutes. This would be about another third of the original time spent deliberating. We may consider "the ratio of 'the time spent in deliberation before, and the deliberation after, such an instruction was given.'" *Id.* at 20 (quoting *State v. Pierce*, 159 N.W. 1050, 1054 (Iowa 1916)). The trial consisted of testimony from four witnesses that took only part of one day to present and ten exhibits. The issues were not complex or complicated. As the supreme court also noted in *Davis*, "timeframes as short as forty-one minutes are sufficient indicia that the jury engaged in real deliberation

of the case" after the verdict-urging instruction. *Id.* at 19–20. Considering these facts, we do not find that giving the verdict-urging instruction was coercive. The court did not abuse its discretion in submitting that instruction to the jury.

### D. Motion for new trial.

Gibbs filed a motion for new trial, asserting that "the verdict was contrary to the law and evidence" and that he had not received a fair trial due to the prosecutor's statements during closing argument. At the hearing on the motion, Gibbs' counsel, in addition to the issues raised in the filed motion, argued the court had erred by providing the jury with a verdict-urging instruction. The court denied Gibbs' motion for new trial stating "the evidence as presented to the jury did provide substantial evidence upon which . . . the jury could enter verdicts of guilt in this matter on all arguments made." "[W]e review a claim that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

Gibbs argues that the district court in ruling on his motion for new trial applied a substantial-evidence standard instead of the weight-of-the-evidence standard. The weight-of-the-evidence analysis is broader than a sufficiency-of-the-evidence analysis as "'it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other.'" *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008) (quoting *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006)).

The State concedes in its brief that the district court applied the incorrect standard in addressing Gibbs' motion for new trial and we "should reverse the ruling on Gibbs' weight-of-the-evidence challenge in his motion for new trial, and

remand for the district court to rule on that challenge by applying the weight-of-the-evidence standard." Upon our review, we agree with both Gibbs and the State and remand to the district court to address Gibbs' motion for new trial applying the appropriate legal standard.

### III. Conclusion.

The district court did not abuse its discretion in excusing a potential juror, denying Gibbs' motion for mistrial, and submitting a verdict-urging instruction to the jury. But we do find an incorrect standard was used in ruling on Gibbs' motion for new trial and remand the case to the district court to address that motion applying the correct weight-of-the-evidence standard.

**DISTRICT COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED WITH DIRECTIONS.**